[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11665
Non-Argument Calendar

_____

D. C. Docket Nos. 05-00035-CV-HL-7 & 03-00021 CR-HL

BENJAMIN WRIGHT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(December 28, 2006)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

On October 13, 2004, we dismissed petitioner's appeal of his sentence for

distribution of more than five grams of cocaine base based on the appeal waiver contained in his plea agreement with the Government.  United States v. Wright, No. 04-12335 (11th Cir. 2004) (unpublished).  Petitioner thereafter moved the district court to vacate his sentence pursuant to 28 U.S.C. § 2255.  The court denied his motion, and we granted a certificate of appealability on the following issues only:

> (1) Whether, in light of Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), the district court was required to address all of the claims raised in [petitioner's] motion to vacate his sentence pursuant to 28 U.S.C. § 2255.
>
> (2) If so, whether the district court violated Clisby by failing to address [petitioner's] claim that, due to ineffective assistance from his counsel, he was deprived of a substantial assistance reduction, pursuant to U.S.S.G. § 5K1.1.

We answer the first question in the affirmative.  The court was required to address all of petitioner's claims.  We answer the second question in the affirmative as well; the court failed to address petitioner's claim that due to the constitutionally ineffective assistance of his attorney, he was deprived of a potential substantial-assistance reduction of his base offense level at sentencing. We therefore vacate the district court's judgment and remand the case for consideration of that claim.

**VACATED and REMANDED**

2