[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15137
Non-Argument Calendar

_____

D. C. Docket Nos. 06-00068-CV-HL-7
03-00021-CR-HL

BENJAMIN WRIGHT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(December 4, 2008)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

On July 18, 2003, a Middle District of Georgia grand jury indicted petitioner

on two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Count One involved five grams; Count Two involved fifty grams. Pursuant to a plea agreement, petitioner pled guilty to the Count One offense, and on April 22, 2004, the district court sentenced him to prison as a career offender, see U.S.S.G. § 4B1.1(a), for a term of 210 months. He appealed his sentence, but, on October 13, 2004, we dismissed the appeal because, in executing the plea agreement, he had waived his right to appeal.

On April 25, 2005, petitioner moved the district court to vacate his sentence pursuant to 28 U.S.C. § 2255. The court denied his motion in a judgment entered on January 11, 2006.[1] On June 22, 2006, we granted petitioner leave to file a second § 2255 motion so that he could present a claim that his career offender status had been eliminated retroactively because the two state court convictions that had given rise to the career offender status had been overturned. The second § 2255 motion was then filed in the district court, on July 27, 2006.

A magistrate judge held an evidentiary hearing on the motion and

---

[1] Petitioner thereafter moved the district court to alter or amend its judgment pursuant to Fed. R. Civ. P. 59(e). The court denied his motion and on March 6, 2006, he filed a notice of appeal. We granted his application for a certificate of appealability on June 6, 2006 on two issues, neither relevant here, Case No. 06-11665. On December 28, 2006, we vacated the district court's judgment and remanded the case with the instruction that the court address petitioner's claim that he was deprived of a U.S.S.G. § 5K1.1 substantial assistance reduction of his base offense level due to ineffective assistance of counsel. Wright v. United States, 212 Fed.Appx. 904, C.A. 11 (Ga.) 2006. That claim is still pending before the district court.

recommended that the district court deny it on the ground that petitioner, who was represented by counsel, had failed to exercise due diligence in seeking the vacatur of the state court convictions.[2] The district court, on <u>de novo</u> review of the record before the magistrate judge, adopted his recommendation and denied petitioner's motion. We granted a certificate of appealability on one issue: whether, in light of <u>Johnson v. United States</u>, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed. 2d 542 (2005), the district court properly found that petitioner failed to exercise due diligence in seeking to vacate his two prior state court convictions.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 imposes a 1-year period of limitations on motions by prisoners seeking to modify their federal sentences:

The limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Over two years had passed between the imposition of petitioner's sentence on April 22, 2004, and the filing of the motions to vacate the state court convictions.

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255, ¶ 6.

In Johnson, the question before the Court was: "when the 1-year statute of limitations in 28 U.S.C. § 2255, ¶ 6(4), begins to run in a case of a prisoner's collateral attack on his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated." Id. at 298, 125 S.Ct. at 1575-76. The Court held that "the period begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." Id. Once the petitioner has been sentenced in federal court, "the significance of inaction [on his part[ is clear," id. at 309, 125 S.Ct. at 1581, and the due diligence clock begins to run.[3] A district court finding that the petitioner has failed to exercise due diligence is a question of fact which we review for clear error. Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002).

In the case at hand, petitioner waited over two years before moving the state court to vacate his convictions. Petitioner contends that he began diligently

---

[3] In Johnson, the Court held that Johnson "fell far short of reasonable diligence" by waiting more than three years from the date of his judgment before filing his state habeas petition. Id. at 308-11, 125 S.Ct. at 1580-82. In fact, he "would still have delayed unreasonably" if the delay had been only 21 months. Id. at 311, 125 S.Ct. at 1582.

4

pursuing the vacatur of his convictions in February or March 2005, less than one year following the imposition of his federal sentence, and that he hired an attorney to assist him. In short, he suggests that his pro se efforts coupled with what his attorney accomplished showed that he was "reasonably diligent under the circumstances." This is the sort of argument the petitioner made in Johnson: "Johnson . . . offered no explanation for th[e] delay, beyond observing that he was acting *pro se* and lacked the sophistication to understand the procedures." Id. at 311, 125 S.Ct. at 1582. The Court rejected it with this observation: "we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." Id.

The district court's finding – that neither petitioner nor his attorney established that they exercised due diligence in the more than two-year period between the imposition of petitioner's federal sentence and the filing of the motions seeking vacatur of the two state court convictions at issue – is well supported by the record and thus not clearly erroneous.

AFFIRMED.