[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14853
Non-Argument Calendar

_____

D.C. Docket Nos.  3:10-cv-01101-VMC-TEM
                          3:07-cr-00112-VMC-TEM-1

WALTER BYRON LEWIS,

                                                             Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                             Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 1, 2012)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Walter Lewis, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  We granted a certificate of appealability as to the issue of "[w]hether the district court erred in denying, without an evidentiary hearing, Lewis's claim that counsel rendered ineffective assistance by refusing to allow him to testify at the suppression hearing, despite his express request to do so."  The suppression hearing involved challenges to large amounts of money seized in two separate vehicle stops, one where Lewis was the driver and sole occupant, and one where he was a passenger.  On appeal, Lewis argues that the district court erred in denying his ineffective assistance claim concerning his counsel's refusal to let him testify because the magistrate judge had recommended denying his motion to suppress on the ground that Lewis had neither testified nor produced any witnesses or evidence to support his claim that he did not consent to the search.  After thorough review, we affirm.

When we review the denial of a § 2255 motion, we review the district court's findings for clear error and legal issues de novo.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).  An ineffective assistance of counsel claim is a mixed question of law and fact that we review de novo.  Caderno v. United States, 256 F.3d 1213, 1216-17 (11th Cir. 2001).  However, we review the district court's denial of a § 2255 evidentiary hearing for abuse of discretion.  Aron v. United States, 291 F.3d

2

708, 714 n.5 (11th Cir. 2002).  Courts construe pro se habeas motions more liberally than those filed by attorneys.  Id. at 715.

In a § 2255 motion, if the prisoner alleges facts that, if true, would entitle him to relief, a district court should order an evidentiary hearing.  Id. at 714-15.  But a district court is not required to hold a hearing if the petitioner's claims are affirmatively contradicted by the record or are patently frivolous.  Id.; see also 28 U.S.C. § 2255(b) (establishing an exception to the evidentiary hearing requirement where the record conclusively shows that the prisoner is entitled to no relief).

To succeed on a claim of ineffective assistance, a defendant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  The defendant must satisfy both the performance and prejudice prongs to satisfy Strickland.  Id.  To establish prejudice, the defendant must demonstrate that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the case would have been different.  Id. at 694.

In Fourth Amendment analysis, generally, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.  Whren v. United States, 517 U.S. 806, 809-10 (1996).  The officers' subjective motivations for a search do not invalidate an otherwise objectively justified

3

search.  Id. at 812-13.  Under the established automobile exception to the warrant requirement of the Fourth Amendment, if a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits police to search the vehicle.  Maryland v. Dyson, 527 U.S. 465, 467 (1999).  If a police officer detects the odor of marijuana, this gives rise to probable cause for a warrantless search.  United States v. Tobin, 923 F.2d 1506, 1512 (11th Cir. 1991) (en banc).  The passenger of a vehicle may challenge the constitutionality of the vehicle's stop.  Brendlin v. California, 551 U.S. 249, 251 (2007).  However, a passenger in a private car, who has no possessory interest in the automobile, does not have a legitimate expectation of privacy in the interior of the automobile, and, therefore, cannot contest the vehicle's search on Fourth Amendment grounds.  See Rakas v. Illinois, 439 U.S. 128, 140, 143 n.12, 148 (1978).  The operator of a motor vehicle with expired registration commits a traffic infraction.  Fla. Stat. Ann. § 320.07(3) (2012).  The operator of a motor vehicle with faulty mirrors commits a traffic infraction.  Fla. Stat. Ann. §§ 316.215(1) and 316.294 (2012).

Here, the district court did not abuse its discretion in denying an evidentiary hearing because, even if Lewis's counsel violated a constitutionally protected right that Lewis be allowed to testify, the error did not result in prejudice.  See Strickland,

4

466 U.S. at 694.[1]   Lewis claims that he would have proffered testimony in the suppression hearing that he did not consent to the search of his vehicle and that the officer did not smell marijuana emanating from his vehicle.[2]   However, the evidence in the record established that the officers had probable cause to believe that the vehicles in each stop were being used to facilitate narcotics transactions and might contain contraband.   First and foremost, immediately preceding both seizures, authorities monitored conversations between a cooperating informant and Lewis in regard to planned narcotics transactions.   This probable cause, established for each stop and search, justified them both.   See Dyson, 527 U.S. at 467.   Lewis's proffered testimony therefore would not have invalidated the probable cause that justified the stops and searches.

---

[1] We have not expressly held that the right to testify applies to pretrial suppression hearings, but the Supreme Court has said that the right to testify "reaches beyond the criminal trial." Rock v. Arkansas, 483 U.S. 44, 51 n.9 (1987). Because we conclude that any error concerning Lewis's failure to testify did not result in prejudice, we need not need address whether Lewis had a constitutional right to testify at his suppression hearing. In any event, the record is insufficient to determine whether Lewis's counsel prevented him from testifying at the suppression hearing when he requested to testify, as Lewis claims. The letter from Lewis's counsel only established what his counsel advised him after the suppression hearing, rather than what Lewis's counsel advised before or during the suppression hearing.

[2] Lewis also argues that he would have testified that he had not consented to the interview that had followed the February 2007 search. Because his suppression motion addressed only the large sums of money that authorities had recovered during their vehicle searches, the proffered testimony concerning the post-seizure events would have been irrelevant.

5

Moreover, the officers had alternative, independent grounds for the stops and searches. As for the February 2007 search, Officer Bishop had probable cause to stop Lewis because his vehicle had an expired tag. See Whren, 517 U.S. at 809-10. Similarly, Bishop had probable cause to search Lewis's vehicle because he smelled marijuana coming from Lewis's vehicle. See Tobin, 923 F.2d at 1512. In addition, Officer Bishop testified that Lewis said that Bishop could search the vehicle; thus, at most, Lewis's proffered testimony would have been balanced against Officer Bishop's testimony. In light of the full record, Lewis has not shown that his proffered testimony would have led to the granting of his motion to suppress the money seized from the February 2007 search.

As for the March 2007 search, Lewis was a passenger and therefore only had standing to contest the vehicle stop. See Brendlin, 551 U.S. at 251. However, because Officer Bishop had probable cause to stop the vehicle based on the broken side-view mirror, Lewis's proffered testimony would not have invalidated the probable cause that justified the stop. See Whren, 517 U.S. at 809-10. Further, the vehicle's driver, John Winn, consented to the search of the vehicle; since Lewis lacked standing to contest the search, Lewis's proffered testimony would not have invalidated the search that uncovered the money. See Rakas, 439 U.S. at 140, 143

6

n.12, 148.  As a result, Lewis's proffered testimony would have not affected the denial of his motion to suppress the money seized from the March 2007 search.

In short, because Lewis's proffered testimony would not have changed the outcome of the denial of his motion to suppress, the refusal of Lewis's counsel to allow him to testify at the suppression hearing could not have resulted in Strickland prejudice.  See Strickland, 466 U.S. at 694.  Without prejudice, Lewis cannot sustain a Strickland claim.  Id. at 687.  Therefore, the district court did not abuse its discretion in denying Lewis an evidentiary hearing on this claim.  See Aron, 291 F.3d at 714-15.  We affirm the denial of Lewis's § 2255 motion.

**AFFIRMED.**

7