[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12813
Non-Argument Calendar
_____

D.C. Docket Nos. 1:10-cv-21372-JAL; 1:06-cr-20149-JAL-2

JIMMY FELICIANO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(December 12, 2012)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Jimmy Feliciano, a federal prisoner serving a 188-month sentence for drug

and robbery-related offenses, appeals the denial of his pro se motion to vacate

sentence, filed under 28 U.S.C. § 2255. The district court granted a certificate of

appealability on the sole issue of whether it erred in failing to hold an evidentiary hearing to determine whether Feliciano's trial counsel was ineffective in allegedly preventing him from testifying at trial.

## I.

Feliciano, along with five codefendants including Omar Ortega and Joel Goenaga, was indicted for (1) conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846; (2) attempting to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 2; (3) conspiring to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; (4) attempting to interfere with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2; and (5) conspiring to use a firearm in relation to a drug trafficking crime or crime of violence, in violation of 18 U.S.C. § 924.  Feliciano's initial trial ended in a mistrial due to a hung jury, and the district court granted his motion for a judgment of acquittal on the firearm charge. Following his retrial, which lasted six days and featured the testimony of six government witnesses, Feliciano was found guilty by a jury of all remaining counts except for the attempted robbery charge.  The district court sentenced Feliciano to 188 months imprisonment.

We affirmed Feliciano's convictions and sentence on direct appeal.  United States v. Feliciano, F. App'x 795 (11th Cir. 2008).  In rejecting his various

2

challenges, we repeatedly emphasized that there was "ample evidence" offered at trial to show that he participated in the conspiracy to rob a cocaine stash house, including the testimony of Ortega, Goenaga, and the arresting officer, as well as cell phone records introduced by the government.  Id. at 799–800, 803.

Feliciano then filed a pro se motion to vacate sentence under § 2255.  As relevant to this appeal, Feliciano claimed that defense counsel was ineffective in preventing him from testifying on his own behalf at trial.  Feliciano maintained that counsel should have permitted him to take the stand to "tell the jury his side of the story" and refute the testimony of "two admitted li[a]rs," namely Ortega and Goenaga, "whose concocted statements were solely for the purpose of lowering their prison sentences."  Feliciano further argued that, had he testified, there was a reasonable probability that he would have been acquitted of all charges given the "minimal" evidence against him, which was mainly comprised of the testimony of the two cooperating co-conspirators.

A magistrate judge issued a report recommending that Feliciano's § 2255 motion be denied without an evidentiary hearing.  The magistrate judge alternatively found that defense counsel did not prevent Feliciano from testifying at trial and, even assuming that counsel's performance was deficient, Feliciano could not demonstrate the requisite prejudice because overwhelming evidence of his guilt was presented at trial.  The magistrate judge further explained that Feliciano's

3

proposed testimony would have been cumulative, as defense counsel impeached Ortega and Goenaga by showing that they were untrustworthy and agreed to cooperate with the government in order to receive reduced sentences.

Feliciano objected to the magistrate judge's report and recommendation, arguing that he was entitled to an evidentiary hearing because the record was silent as to whether trial counsel properly consulted with him about his right to testify. Feliciano also challenged the magistrate judge's finding that the evidence against him was overwhelming, arguing that, other than the testimony of Ortega and Goenaga, there was little evidence of his guilt. Feliciano maintained that, had he been allowed to take the stand at trial, he would have professed his innocence and rebutted the incriminating testimony of the cooperating co-conspirators. Although Feliciano acknowledged that defense counsel was able to show that Ortega and Goenaga had been untruthful and agreed to testify against him in the hope of receiving reduced sentences, he maintained that there was a reasonable probability that the jury would have acquitted him if it "learned the facts in his own words."

The district court adopted the magistrate judge's finding that Feliciano failed to establish that he was prejudiced by trial counsel's alleged deficient performance and, thus, was not entitled to an evidentiary hearing.[1] The court explained that

---

[1] The district court expressly rejected the magistrate judge's finding that counsel did not prevent Feliciano from testifying at trial, noting that the record from Feliciano's second trial was silent as to whether counsel consulted with him about his right to testify.

4

Feliciano's proposed testimony did not give rise to a reasonable probability of a different trial outcome because there was ample evidence of his participation in the conspiracy and the jury chose to believe Ortega and Goenaga despite defense counsel's impeachment of them.  Nevertheless, the court later granted Feliciano a COA on the issue of whether it should have held an evidentiary hearing before rejecting his claim of ineffective assistance of counsel.[2]

## II.

On appeal, Feliciano contends that the district court erred in declining to hold an evidentiary hearing because the record was silent as to whether trial counsel consulted with him about his right to testify, and the court could not predict whether his proposed testimony would have affected the jury's verdict. Feliciano further argues that there is a reasonable probability that his proposed testimony would have altered the outcome of the trial given the "minimal" evidence implicating him in the conspiracy and the impeached testimony of the cooperating co-conspirators.

We review the denial of an evidentiary hearing on a § 2255 motion for an abuse of discretion.  Aron v. United States, 291 F.3d 708, 714 n.5 (11th Cir. 2002).

---

[2] The district court specifically granted a COA "on the issue of whether [it] should have held an evidentiary hearing to determine whether trial counsel prevented Feliciano from testifying at trial."  Nonetheless, given the district court's findings, it is evident that the real issue on appeal is whether it erred in declining to hold an evidentiary hearing to determine whether Feliciano was prejudiced by trial counsel's performance.

5

A district court is required to hold an evidentiary hearing on a motion to vacate a sentence "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly, if a prisoner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing." Aron, 291 F.3d at 714–15 (quotation marks omitted).

A defendant has a fundamental constitutional right to testify on his own behalf, and that right cannot be waived by defense counsel. United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc). The appropriate vehicle for challenging defense counsel's alleged violation of this right is a claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). Id. at 1534. In order to satisfy the standard articulated in Strickland, a prisoner must show both that counsel's performance was deficient, and the deficient performance prejudiced his defense. 466 U.S. at 687, 104 S.Ct. at 2064. Because the failure to establish either deficient performance or prejudice is dispositive, a court ruling on an ineffective-assistance claim need not address both prongs if the movant makes an insufficient showing as to either one. Windom v. Sec'y, Dep't of Corr., 578 F.3d 1227, 1248 (11th Cir. 2009).

To prove prejudice, a prisoner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

6

proceeding would have been different." Id. at 694, 104 S.Ct. at 2068.  Prejudice requires a "substantial", not merely "conceivable," likelihood of a different result. Harrington v. Richter, — U.S. —, 131 S.Ct. 770, 792 (2011).  In making this determination, courts "must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695, 104 S.Ct. at 2069.  "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." Id. at 696, 104 S.Ct. at 2069.

The district court did not abuse its discretion in resolving Feliciano's ineffective-assistance claim without conducting an evidentiary hearing.  The district court assumed that counsel rendered deficient performance by preventing Feliciano from testifying at trial, and thus was left with the purely legal question of whether Feliciano's proposed testimony, when assessed in light of the evidence adduced at trial, created a reasonable probability of a different outcome.  Given its assumptions, the district court was not required to hold an evidentiary hearing to determine whether trial counsel did, in fact, prevent Feliciano from testifying.  And contrary to Feliciano's suggestion that the district court could not conclusively rule on the issue of prejudice without an evidentiary hearing, the prejudice inquiry necessarily requires a court to speculate as to the effect of omitted evidence on the entire evidentiary picture before a judge or jury.  See Sears v. Upton, — U.S. —,

7

130 S.Ct. 3259, 3266 (2010) (emphasizing that the prejudice inquiry necessarily requires "a court to 'speculate' as to the effect of the new evidence").

Moreover, the district court properly concluded that Feliciano failed to demonstrate a reasonable probability that his proposed testimony would have altered the outcome of the trial. As we noted on his direct appeal, ample evidence was presented to show that Feliciano participated in the charged conspiracy. See Feliciano, 300 F. App'x at 799–800, 803. Ortega and Goenaga directly implicated Feliciano in the planned robbery of a cocaine stash house, testifying that he agreed to serve as a lookout in exchange for a kilogram of cocaine. Their testimony was corroborated by cell phone records introduced by the government, which showed that, on the morning of the planned robbery, seven calls were made between Ortega's and Feliciano's phones, two were made between Ortega's and Goenaga's phones, and two were made between Feliciano's and Goenaga's phones. Feliciano was also arrested along with the other co-conspirators while en route to a pre-arranged meeting location on the day of the planned robbery. At the time of his arrest, Feliciano was driving a car with Goenaga as his passenger.

When weighed against the strong evidence of his guilt, Feliciano's proposed testimony does not create a substantial likelihood of a different outcome. To the extent Feliciano wished to personally impeach the credibility of Ortega and Goenaga, his proposed testimony was largely cumulative of the information

8

elicited by defense counsel on cross-examination.  See Sochor v. Sec'y, Dep't of Corr., 685 F.3d 1016, 1032 (11th Cir. 2012) (noting that a movant cannot demonstrate prejudice with evidence that is largely cumulative of that already presented at trial).  At trial both Ortega and Goenaga openly admitted to being lifelong criminals, previously lying about various details of the planned robbery, and hoping to receive reduced sentences in exchange for testifying against Feliciano.  Nevertheless, despite defense counsel's vigorous cross-examination, the jury still elected to believe their testimony about Feliciano's role in the conspiracy.  Furthermore, to the extent Feliciano intended to profess his innocence, there is little to suggest that the jury would have believed his testimony over that of his co-conspirators, particularly given the other evidence of his guilt.  As we have long emphasized, a defendant who testifies runs the risk that a jury will both disbelieve his testimony and "conclude that the opposite of his testimony is true."  Atkins v. Singletary, 965 F.2d 952, 961 n.7 (11th Cir. 1992)

Because the record conclusively showed that Feliciano could not demonstrate that he was prejudiced by trial counsel's performance, the district court did not abuse its discretion in declining to hold an evidentiary hearing.  We therefore affirm the denial of Feliciano's § 2255 motion to vacate sentence.

**AFFIRMED.**