BARKETT, Circuit Judge:
Anthony Aron, a federal prisoner, appeals the dismissal as untimely of his motion to vacate his sentence pursuant to 28 *710 U.S.C. § 2255. Aron argues that his motion was timely under 28 U.S.C. § 2255(4) because he exercised due diligence in discovering the facts supporting his claim, and his motion was filed within one year of the date on which he discovered those facts. Alternatively, he argues that the district court erred in refusing to hold an evidentiary hearing on his claim to have exercised due diligence. We reverse and remand.
BACKGROUND
Aron was convicted of conspiracy to possess cocaine with the intent to distribute and of possession of cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 151 months’ incarceration, with a five-year term of supervised release. Aron filed a direct appeal from his conviction, arguing that the trial court should have granted a mistrial based upon prosecutorial misconduct, that it gave improper jury instructions, and that it erred by declining to give a requested jury instruction. We affirmed his conviction on September 23, 1994. United States v. Aron, 37 F.3d 636 (11th Cir.1994) (Table).
On July 4, 1998, Aron filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. His motion raised three claims of ineffective assistance of appellate counsel, based on his attorney’s failure to appeal the term of his sentence and the sufficiency of the evidence at trial, and on an alleged conflict of interest created by the attorney’s representation of both Aron and his co-defendant on appeal. A final claim challenged the legality of his conviction and sentence on the ground that 21 U.S.C. §§ 841 and 846 were not published in the Federal Register as mandated by Congress.
The government responded to the motion by arguing that it was untimely under the one-year period of limitation imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Aron answered that, in spite of numerous letters and telephone calls to his appellate attorney, he did not receive a copy of the brief that had been filed in his direct appeal until September 4, 1997, which was when he learned of his attorney’s failure to appeal his sentence. Since his § 2255 motion was filed within one year of that date, he argued that it was timely under § 2255(4), which allows petitioners to file within one year of “the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.”
The magistrate recommended denying Aron’s motion as untimely, finding that he had offered no proof of any due diligence on his part after discovering that his conviction was affirmed. Aron then filed sworn objections to the magistrate’s report and recommendation, listing his efforts to obtain information about his appeal. The government did not present evidence contradicting Aron’s assertions. The district court entered an order adopting the magistrate’s report and recommendation, and we granted a certificate of appealability on the question whether the district court erred in its determination that Aron’s motion was barred by the one-year period of limitation.
DISCUSSION
The AEDPA amended 28 U.S.C. § 2255 to impose a one-year “period of limitation” for filing a motion to vacate, set aside or correct a sentence. The limitation period runs from the latest of:
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmen *711 tal action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255. Aron argues that his motion was timely under § 2255(4) because it was filed within a year of the date he received a copy of the brief that was filed in his direct appeal, and he exercised due diligence in discovering the failure of his attorney to appeal his sentence by that date.
To our knowledge, only one court has previously discussed the standard of review of a district court’s decision concerning due diligence in the context of § 2255. See Montenegro v. United States, 248 F.3d 585 (7th Cir.2001), partially overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir.2001). Drawing an analogy to Rule 52(a) of the Federal Rules of Civil Procedure, which “assigns to the trial judge the responsibility of determining not only the historical events that are relevant to how the case should be decided but also the legal significance of those events,” id. at 591 (quoting Mucha v. King, 792 F.2d 602, 605 (7th Cir.1986)), the Seventh Circuit reasoned that “due diligence” is a legal characterization — like negligence, possession, ratification, and principal place of business — and should be reviewed for clear error. Id. We agree. In the context of a motion pursuant to § 2255(4), we will therefore review for clear error a district court’s finding with regard to whether the petitioner exercised due diligence.
The government emphasizes that the one-year limitation period of § 2255(4) begins to run when the facts could have been discovered through the exercise of due diligence, not when they were actually discovered. This is indeed the language of the statute; the beginning of the one-year period is triggered by a date that is not necessarily related to a petitioner’s actual efforts or actual discovery of the relevant facts. Of course, if a court finds that a petitioner exercised due diligence, then the one-year limitation period would begin to run on the date the petitioner actually discovered the relevant facts, because the dates of actual and possible discovery would be identical. But if the court finds that the petitioner did not exercise due diligence, the statute does not preclude the possibility that the petitioner’s motion could still be timely under § 2255(4). For example, if the court concludes that, with the exercise of due diligence, the relevant facts could have been discovered two months earlier than the petitioner (who it finds did not exercise due diligence) actually discovered them, then the motion would still be timely if filed within ten months of the date of actual discovery. Nonetheless, the court should begin the timeliness inquiry under § 2255(4) by determining whether the petitioner exercised due diligence because, as previously noted, if he did so, the limitation period would not begin to run before the date he actually discovered the facts supporting the claim.[1]
*712 As the government concedes, § 2255(4) does not require the maximum feasible diligence, but only “due,” or reasonable, diligence. See Wims v. United States, 225 F.3d 186, 190 n. 4 (2d Cir.2000). Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. Moreover, the due diligence inquiry is an individualized one that “must take into account the conditions of confinement and the reality of the prison system.” Montenegro, 248 F.3d at 592; Wims, 225 F.3d at 190-91 (citing Easterwood v. Champion, 213 F.3d 1321, 1323 (10th Cir. 2000)). Aron contends that the deficiencies in his appellate counsel’s performance did not become known to him until September 4, 1997, when he received a copy of the brief that had been filed in his appeal. Although he acknowledges that he received a copy of the opinion affirming his conviction in 1994, the opinion did not indicate which grounds had been raised on appeal, and so Aron was not aware that his attorney had failed to appeal his sentence, as Aron claims he had instructed him to do.
In assessing whether Aron’s petition was timely, the magistrate (and the district court, by adopting the magistrate’s report) assumed that Aron was required to show due diligence from the time his conviction became final in 1994.[2] We think this assumption was incorrect, because the law imposed no diligence requirement on habe-as petitioners until AEDPA was enacted on April 24, 1996. Therefore Aron’s allegations, if true, mean only that he did more than the law requires.
Before AEDPA was enacted, there was no limitation period for filing a petition pursuant to § 2255. If prisoners wished to spend more time preparing their petitions — albeit at the potential cost of suffering a longer period of unlawful confinement — the law afforded them that opportunity. In reliance upon that law, many prisoners had not filed within one year, as the subsequently enacted legislation required. Therefore, in Goodman v. United States, 151 F.3d 1335 (11th Cir.1998), we held that the one-year limitation period should start to run from the date of AEDPA’s enactment, if the conviction being challenged became final before the enactment date.[3] We did not apply the new limitation period to cases in which the period for filing had expired before the new requirement was enacted “because ‘[i]t would be unfair and impermissibly retroactive’ to cut off review for noncompliance with a rule that had not existed when the noncompliance occurred.” Smith v. Jones, 256 F.3d 1135, 1143 (11th Cir.2001) (quoting Wilcox, 158 F.3d at 1211, and Goodman, 151 F.3d at 1337). Other circuits reached the same conclusion. See *713 Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120, 2130, 150 L.Ed.2d 251 (2001) (Stevens, J., concurring) (“In the context of AEDPA’s 1-year limitations period, which by its terms runs from ‘the date on which the judgment became final,’ see § 2244(d)(1)(A), the Courts of Appeals have uniformly created a 1-year grace period, running from the date of AED-PA’s enactment, for prisoners whose state convictions became final prior to AEDPA.”).
Our holding in Goodman applied to § 105 of AEDPA, which amended § 2255 to include all four dates listed in § 2255(1)-(4). There is no reason to treat § 2255(4) any differently from § 2255(1). Before the enactment of AEDPA on April 24, 1996, Aron was not required to exercise due diligence in discovering new facts in order for a petition based on those facts to be timely filed. Consequently, “[i]t would be unfair and impermissibly retroactive,” Goodman, 151 F.3d at 1337, to require Aron to have exercised due diligence before there was any legal requirement that he do so. We therefore hold that a petitioner’s failure to exercise due diligence before AEDPA was enacted cannot support a finding that a petition fails to satisfy the timeliness requirement of § 2255(4).[4] Of course, in evaluating whether a petitioner exercised due diligence after April 24,1996, a court should consider any previous actions the petitioner took to assess what it would have been reasonable for him to do after that date. In this case, for example, Aron’s earlier efforts may have given him reason to believe that writing to his attorney directly would be futile, and he therefore approached the court instead. The point is that Aron cannot be penalized for any lack of diligence before AEDPA’s enactment, because at that time there was no requirement that he act diligently.
Aron claims in his sworn objections to the magistrate’s report that he made “numerous and persistent efforts” to obtain his appellate documents from his attorney — in particular, that he “wrote many letters and placed numerous phone calls” to his attorney’s office, “to no avail.” Aron *714 eventually received from his attorney a copy of the opinion affirming his appeal, but the opinion did not state which issues had been raised or ruled upon, and his attorney included no additional materials. Aron attached as an exhibit to his objections a copy of a letter he sent to his attorney on November 18, 1994 requesting a copy of the documents pertaining to his appeal, and he states that he received no response to that letter or to subsequent letters and phone calls.
On April 30th, 1996, only six days after AEDPA was enacted, Aron filed a motion with this Court to specify the grounds on which his appeal was affirmed pursuant to 11th Cir. R. 36-1. This motion was also attached as an exhibit to his objections, and in our view, it clearly reflects a diligent response to AEDPA’s enactment. However, the clerk responded that the Court would not accept pro se papers from him because he was represented by counsel, and suggested that he contact his attorney instead, adding that a copy of his letter was being sent to his attorney. Aron states that he again tried to contact his attorney, to no avail.
On May 6, 1996, Aron filed a motion pursuant to 18 U.S.C. § 3582 to take advantage of the “safety valve” amendment to the Guidelines and thereby obtain a sentence reduction. On April 6, 1997, he wrote to the clerk of the district court to inquire about the status of that motion. In his letter, also attached as an exhibit to his objections to the magistrate’s report, he expressed his concern that the one-year limitation period to file a § 2255 motion would expire on April 25, 1997. Aron states that he also sent a copy of this letter to his appellate counsel. Aron claims that on September 4, 1997 he finally received from his attorney a copy of the brief that had been filed in his direct appeal. His § 2255 petition was filed within one year of that date, on July 4,1998.
At a minimum, then, the record reveals that Aron contacted the court twice after AEDPA was enacted, and the first time he did so the court informed him that it was sending a copy of his letter to his attorney. Moreover, Aron stated under oath that he sent a copy of the second letter to his attorney as well, and that he made further attempts to contact his attorney directly, but without success.
We find that, based on his allegations, Aron was entitled to an evidentiary hearing.[5] Section 2255 states:
Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.
28 U.S.C. § 2255 (emphasis added). As we have previously stated, if the petitioner *715 “alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim.” Holmes v. United States, 876 F.2d 1545, 1552 (11th Cir.1989) (quoting Slicker v. Wainwright, 809 F.2d 768, 770 (11th Cir.1987)); see also United States v. Yizar, 956 F.2d 280, 234 (11th Cir.1992) (district court must hold an evidentiary hearing where court cannot state conclusively that the facts alleged by petitioner, taken as true, would present no ground for relief). Moreover, the court should construe a habeas petition filed by a pro se litigant more liberally than one filed by an attorney. See Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir.1989). Although we have stated that a district court is not required to hold an evidentiary hearing where the petitioner’s allegations are affirmatively contradicted by the record, or the claims are patently frivolous, see, e.g., Holmes 876 F.2d at 1553, no such circumstances are present here. Aron has plainly alleged facts regarding his diligence that would entitle him to relief in the form of a timely petition. His allegations are not affirmatively contradicted by the record. Therefore, we find that the district court abused its discretion in failing to hold an evidentiary hearing.[6]
However, we note that if the district court should determine that Aron exercised due diligence, not all of Aron’s claims will be timely. Aron stated in his objections to the magistrate’s report that he instructed his attorney to appeal only the sentence, not the conviction. Petitioner’s Objections to the Magistrate’s Report and Recommendation at 6. Thus, he cannot now argue that he learned of his attorney’s failure to challenge the conviction on certain grounds only when he received a copy of the brief filed in his appeal, since Aron instructed him not to appeal the conviction. Accordingly, his claims challenging the sufficiency of the evidence supporting the conviction and the legality of the conviction are barred. Under the facts that Aron has alleged, only the claims challenging his sentence may be considered timely pursuant to § 2255(4).
CONCLUSION
For the foregoing reasons, we reverse and remand to the district court for further proceedings consistent with this opinion.[7]
REVERSED AND REMANDED.

. It is only if Aron did not exercise due diligence that we are required to speculate about the date on which the facts could have been discovered with the exercise of due diligence. Moreover, since Aron filed his petition within a year of the date of actual discovery, we need *712 not decide the question of how to apply § 2255(4) when a petitioner's actual discovery of the relevant facts precedes the date on which they would have been discovered through the exercise of due diligence.

. The magistrate wrote: “Aron offers no proof of any due diligence on his part after discovering that his conviction was affirmed on September 1993 [sic], prior to the filing of this motion to vacate on July 24, 1998." Magistrate’s Report and Recommendation at 6 (emphasis added). Similarly, in its brief to this Court the government also contends that Aron’s allegations show that following his conviction in 1994, he allowed seventeen months to elapse with no activity. While we do not believe his allegations show this, even if they did, it would not be determinative in this case for the reasons we discuss above.

. We subsequently applied the same rule to the comparable provision for state prisoners, § 2244(d). Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209 (11th Cir.1998).

. We respectfully disagree with the suggestion in the concurring opinion that this holding is actually dicta. We find the district court’s decision in this case erroneous for two reasons: first, the court improperly assumed that Aron was required to show diligence from the time his conviction became final; and second, as we discuss below, Aron's allegations are such that section 2255 requires an evidentiary hearing. The fact that either error would be sufficient to warrant reversal does not mean that future panels are free to treat one of these two findings as dicta, nor does it mean that the district court on remand may disregard one in favor of the other. See Richmond Screw Anchor Co. v. United States, 275 U.S. 331, 340, 48 S.Ct. 194, 72 L.Ed. 303 (1929) ("It does not make a reason given for a conclusion in a case obiter dictum, because it is only one of two reasons for the same conclusion.”); Johnson v. DeSoto County Bd. Comm'rs., 72 F.3d 1556, 1562 (11th Cir.1996) ("we are bound by alternative holdings"); McLellan v. Mississippi Power & Light Co., 545 F.2d 919, 925 n. 21 (5th Cir.1977) ("It has long been settled that all alternative rationales for a given result have precedential value.”).
The fact that Aron claims to have exercised due diligence from the time his conviction became final does not make this portion of the opinion dicta. The government denies Aron's allegations of diligence (especially regarding the first seventeen months after his conviction became final), and a pro se petitioner who alleges, in effect, that he did more than the law requires is not for that reason required to prove that he did so in order to prevail. Satisfying the requirements of the law will still suffice. Particularly in light of the government's denials and of the basis for the district court's ruling, we see fit to clarify that the law does not require Aron to prove that he exercised due diligence from the time his conviction became final in 1994 before we remand for an evidentiary hearing on Aron’s diligence.

. Although it appears we have not previously specified a standard of review for the denial of an evidentiary hearing in a petition pursuant to § 2255, in other contexts a district court's denial of an evidentiary hearing is reviewed for abuse of discretion. See, e.g., United States v. Gay, 251 F.3d 950, 951 (11th Cir.2001) (evidentiary hearing sought at sentencing); Loyd v. Alabama Dept. of Corrections, 176 F.3d 1336, 1339 (11th Cir.1999) (evidentiary hearing sought in connection with a motion to terminate consent decree and permanent injunction pursuant to the Prison Litigation Reform Act). Other circuits have applied the abuse of discretion standard to denials of § 2255 evidentiary hearings, see Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994) (applying abuse of discretion standard and also noting that an evidentiary hearing is required when the petitioner's allegations are based on facts outside the record); United States v. Estrada, 849 F.2d 1304, 1305 (10th Cir.1988), and we believe that is the correct standard.

. We thus note another difficulty with the magistrate’s statement that “Aron offers no proof of any due diligence on his part after discovering that his conviction was affirmed on September 1993[sic], prior to the filing of this motion to vacate on July 24, 1998.” Magistrate's Report and Recommendation at 6. The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only allege — not prove — reasonably specific, non-conclusory facts that, if true, would entitle him to relief. If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district court is required to hold an evidentiary hearing. It is in such a hearing that the petitioner must offer proof.

. The concurring opinion concludes by pointing out that on remand the district court could, consistently with this opinion, deny relief on the merits — presumably after holding an evidentiary hearing on the merits if it determines that one is required — without ruling on the statute of limitations bar. Although any concurring opinion is free to remind the district court of its options, we express no opinion on the appropriate course, or disposition of this case, on remand.