[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 22, 2010
JOHN LEY
CLERK

No. 09-13414
Non-Argument Calendar

_____

D. C. Docket Nos. 06-21426-CV-JAL
03-20294-CR-JAL

DWELLY CAULEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 22, 2010)

Before CARNES, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Dwelly Cauley appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. In 2003 Cauley was convicted of conspiring to import five kilograms or more of cocaine in violation of 21 U.S.C. § 963 and conspiring to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. Cauley contends that his trial counsel was ineffective for failing to pursue a withdrawal defense.

I.

In 1999 Cauley was introduced to Omar Somonte, a confidential informant, in order to conduct a drug deal, which was actually a sting operation.[1] Cauley and Somonte met several times, and on each occasion Somante wore a wire and recorded their conversations. They discussed the details of how the drugs would be imported. Cauley agreed to hire a crew and gave the names of port workers that he would use. He later indicated that he was ready to go and assured Somonte that his crew was reliable and trustworthy.

Cauley met with Somonte on the day the drugs were to be imported, and Cauley gave him a van to use to load the drugs and the number of the container that would be carrying the drugs. Later that day Cauley told Somonte that the crew

---

[1]Most of these facts, which Cauley has not challenged, are taken from the district court's opinion. Cauley v. United States, No. 06-21426-Civ, 2008 WL 4716961 (S.D. Fla. Oct. 23, 2008) (unpublished).

did not want to work because it was raining, and Cauley refused to work until the weather cleared. The deal fell through, but Cauley was still convicted of conspiracy.

Cauley filed a 28 U.S.C. § 2255 motion based on ten claims for relief. The magistrate judge issued a report recommending the denial of all of his claims, and the district court adopted that report and recommendation. Cauley v. United States, No. 06-21426-CIV, 2008 WL 4716961, at * 5 (S.D. Fla. Oct. 23, 2008) (unpublished). We granted a certificate of appealability on Cauley's third claim: "Whether the district court erred in denying, without an evidentiary hearing, Cauley's claim that counsel was ineffective for failing to pursue an affirmative defense of withdrawal from the conspiracy."

II.

The district court is required to conduct an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). We review the denial of a § 2255 evidentiary hearing for abuse of discretion. See Aron v. United States, 291 F.3d 708, 714 n.5 (11th Cir. 2002).

To establish ineffective assistance of counsel, Cauley must show that his counsel's performance was deficient and that the deficient performance prejudiced

3

his defense. See Strickland v. Washington, 446 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). In order to show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2068.

Cauley cannot prove prejudice. Withdrawal after the defendant has committed an overt act in furtherance of the conspiracy is not an affirmative defense to a § 963 and § 846 drug conspiracy.[2] See United States v. Marolla, 766 F.2d 457, 461 (11th Cir. 1985) (explaining that for a § 963 and § 846 drug conspiracy offense, because "conspiracy is an inchoate offense which is complete regardless of whether the object of the conspiracy is achieved, withdrawal is impossible once an overt act is committed.") (quotation marks omitted and emphasis added). The evidence established that Cauley committed several overt acts: he had numerous telephone conversations and meetings with Somonte; he agreed to hire a crew and indicated that he had done so; he met with Somonte to obtain a van for loading the drugs and to find out the location of the container with the drugs; and he took possession of the van. Cf. United States v. Marable, 574 F.2d 224, 230 (5th Cir. 1978) (holding that telephone conversations and meetings

---

[2]Withdrawal can be relevant when it relates to a statute of limitations defense or when it relates to the crimes committed by a persons co-conspirators after the withdrawal. See united States v. Arias, 431 F.3d 1327, 1340 n.18 (11th Cir. 2005). Those uses of a withdrawal defense, however, are not relevant to this appeal.

4

were overt acts in furtherance of a drug conspiracy).

Because it was impossible for Cauley to withdraw from the conspiracy after he committed overt acts in furtherance of the conspiracy, see Marolla, 766 F.2d at 461, he cannot show that he was prejudiced by his counsel's failure to raise a withdrawal defense.

**AFFIRMED.**