[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15702
Non-Argument Calendar
_____

D.C. Docket Nos. 2:08-cv-00418-WHA-SRW, 2:06-cr-00012-UWC-SRW-4


DEMETRIUS J. HAWKINS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 23, 2012)


Before BARKETT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Demetrius J. Hawkins, a federal prisoner, appeals the denial of his motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, and his request for an evidentiary hearing. We granted a certificate of appealability to determine whether the district court erred when it denied Hawkins' claim that counsel provided ineffective assistance for failing to move to exclude the testimony of Toby Boutwell, a records custodian for a cellular telephone company. Hawkins contends his counsel was ineffective for failing to move to exclude this testimony because the records were unfairly prejudicial under Federal Rule of Evidence 403.[1] The cell phone records introduced through Boutwell's testimony supported Hawkins' participation in the drug conspiracy of which he was convicted. After review, we affirm the district court.

In a § 2255 proceeding, we review a district court's legal conclusions *de novo* and its factual findings for clear error. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). Whether counsel was ineffective is a mixed question of law and fact that we review *de novo*. *Id.* In order to prevail on an ineffective assistance of counsel claim, Hawkins must establish: (1) his counsel's

---

[1]Hawkins also argues the cell phone records lacked proper foundation and were not authenticated. However, because these arguments were not raised below, we decline to address them on appeal. *See Johnson v. United States*, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003) (stating that arguments not raised in the district court are waived on appeal).

performance was deficient; and (2) he suffered prejudice as a result of the deficient performance. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984).

As to deficient performance, Hawkins is unable to show his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Green v. Nelson*, 595 F.3d 1245, 1249 (11th Cir. 2010). Counsel's decision not to move to exclude the testimony of the records custodian was a reasonable strategic choice, since there was little evidentiary basis on which to exclude the evidence. *Strickland*, 104 S. Ct. at 2066. Therefore, Hawkins has not overcome the strong presumption that his counsel provided professionally reasonable assistance. *Dingle v. Sec'y for Dept. of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).

As to prejudice, Hawkins has not established "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. First, Hawkins cannot show that, if his counsel had objected to the admissibility of the evidence, the district court should have excluded it under Federal Rule of Evidence 403. In light of the undisputed fact that Rapp testified he found a cell phone with the number 404-660-6042 on Hawkins after he was arrested, the cell phone record evidence was highly probative and Hawkins was unable to show he was unfairly prejudiced by

3

its admissibility.  *See* Fed. R. Evid. 403.  Second, Hawkins cannot establish the exclusion of this evidence would have changed the result of the proceeding.  Other evidence introduced at trial, including the testimony of Rapp and Canady, directly linked Hawkins to the marijuana conspiracy.  Moreover, the fact that the cell phone evidence was not introduced at the first trial, which resulted in a mistrial, does not conclusively establish Hawkins was prejudiced by introduction of the cell phone records at the second trial, which resulted in Hawkins' conviction.

We conclude the district court did not err when it denied Hawkins' claim that counsel provided ineffective assistance for failing to move to exclude Boutwell's testimony.  Moreover, we find an evidentiary hearing is not required since the motion, files, and records of the case conclusively establish Hawkins is not entitled to relief.  *See Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002).  Accordingly, we affirm the decision of the district court.

**AFFIRMED.**