[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10389
Non-Argument Calendar
_____

D.C. Docket Nos. 1:11-cv-21428-PCH,
1:09-cr-20138-PCH-5

ALEXIS CARRAZANA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 17, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Alexis Carrazana, a federal prisoner, appeals the district court's

denial of his motion to vacate brought pursuant to 28 U.S.C. § 2255.  In his motion, Carrazana contended that his attorney provided ineffective assistance by misinforming him that he had withdrawn from the conspiracy at a certain point, and, therefore, the district court could not consider the actions of his co-conspirators after that point as relevant conduct for sentencing purposes.  Thus, he argued, his guilty plea was rendered involuntary.  We granted a certificate of appealability as to "whether the district court properly denied petitioner's § 2255 motion alleging ineffective assistance of counsel in advising Carrazana about his decision to enter a plea of guilty."  On appeal, Carrazana argues that the district court improperly denied his § 2255 motion without an evidentiary hearing because he alleged facts that, if true, would have entitled him to relief.

In a proceeding under § 2255, we review the district court's legal conclusions *de novo* and factual findings for clear error.  *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008).  In an appeal brought by an unsuccessful habeas petitioner, our review is limited to the issues specified in the certificate of appealability.  *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998).  "A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*."  *Devine*, 520 F.3d at 1287.  Where the movant "alleges facts that, if true, would entitle him to relief," the district court should hold an

2

evidentiary hearing to determine the merits of his claim. *Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks omitted). Nevertheless, the district court need not do so if the record affirmatively contradicts the movant's allegations or the claims are patently frivolous. *Id.* at 715.

To prove ineffective assistance of counsel, the movant must show the following: (1) that the attorney made errors so serious that she ceased to function as the counsel that the Sixth Amendment guarantees; and (2) that the errors prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This two-prong test applies to challenges of guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). A plea is voluntary so long as counsel's advice falls "within the range of competence demanded of attorneys in criminal cases." *Id.* at 56, 106 S. Ct. at 369 (internal quotation marks omitted). A court's review of an attorney's performance is highly deferential, and it must employ a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The movant must demonstrate that counsel's performance was objectively unreasonable. *Id.* at 688, 104 S. Ct. at 2064. To

3

prove prejudice in the context of a guilty plea, a defendant must show a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59, 106 S. Ct. at 370.

In *United States v. Pease*, the defendant argued that his attorney's ineffectiveness rendered his plea involuntary where the attorney did not conduct an investigation into his criminal history, but rather merely asked the defendant if he had prior convictions. 240 F.3d 938, 941 (11th Cir. 2001). The defendant did not tell the attorney of a prior conviction, and the attorney did not independently discover the conviction. *Id.* at 941 & n.3. Consequently, the attorney miscalculated the defendant's potential sentence under his plea agreement. *See id.* at 940-41. We held that the defendant had not proven that his attorney's performance was deficient under the circumstances, stressing that whether an attorney's reliance on a client's statement of his own criminal history is deficient performance depends on the peculiar facts of each case. *Id.* at 941-42.

Our review of the record persuades us that Carrazana has not shown that his attorney's performance was objectively unreasonable, nor did he show a reasonable probability that, but for his attorney's erroneous advice, he would have pleaded not guilty and insisted on going to trial. Accordingly, we affirm the district court's order denying Carrazana's § 2255 motion.

4

**AFFIRMED.**