[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13552
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-23819-DLG; 08-CR-20436-DLG-17

CARLOS FLORES LOPEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 26, 2013)

Before BARKETT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Carlos Flores Lopez, a federal prisoner proceeding pro se, appeals the denial of his 28 U.S.C. § 2255 motion. Lopez's § 2255 motion sought to vacate his conspiracy and substantive convictions for importing, possessing, and intending to distribute heroin and cocaine. We granted Lopez a certificate of appealability on the following issue: Whether the district court erred in finding that Lopez's counsel was not ineffective for failing to call him to testify [at his trial] on his own behalf? On appeal, Lopez argues that the district court either should have granted his motion or, alternatively, held an evidentiary hearing. For the reasons that follow, we agree that the district court should have conducted an evidentiary hearing to resolve Lopez's motion.

We review the district court's conclusions of law de novo and its findings of fact for clear error. *Thompson v. United States*, 504 F.3d 1203, 1206 n.4 (11th Cir. 2007). "Whether counsel was ineffective is a mixed question of law and fact" that is reviewed de novo. *Id.* "[T]he court should construe a habeas petition filed by a pro se litigant more liberally than one filed by an attorney." *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002). We review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion. *Id.* at 714 n.5. A movant under § 2255 is entitled to an evidentiary hearing in the district court "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, if the movant

2

"alleges facts that, if true, would entitle him to relief, the district court should order an evidentiary hearing." *Aron*, 291 F.3d at 714–15. A district court does not need to hold an evidentiary hearing where the movant's allegations "are affirmatively contradicted by the record, or the claims are patently frivolous. *Id*. at 715.

A criminal defendant has a fundamental constitutional right to testify in his own behalf at trial. *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc). The right to testify in one's own defense is personal to the defendant, and cannot be waived by defense counsel. *Id*. While counsel has the responsibility to advise the defendant regarding his right to testify and the strategic implications of the choice, the defendant retains the ultimate decision. *Id*. at 1532–33.

A defendant's claim that counsel violated his right to testify is properly considered under the test for ineffective assistance of counsel as articulated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). *Teague*, 953 F.2d at 1534. Under *Strickland*, a movant must meet a two-part test to be entitled to relief for ineffective assistance, showing that: (1) counsel performed deficiently; and (2) the deficient performance prejudiced the defendant. 466 U.S. at 687, 104 S. Ct. at 2064 (1984).

Here, the district court erred when it did not hold an evidentiary hearing to determine whether Lopez's counsel was ineffective for prohibiting Lopez from exercising his right to testify. Lopez alleged that counsel would not allow him to

testify despite the fact that Lopez "regularly expressed" his desire to do so.  If this is true, Lopez's counsel may have performed deficiently.  *See Teague*, 953 F.2d at 1534.  The district court concluded that Lopez's assertion was "self-serving and not supported" by the evidence.  We disagree.  It is true that the trial court referred to Lopez's right to testify in a discussion with counsel and that Lopez testified in his first trial.  But neither of these facts conclusively shows that Lopez's allegations are false.  While those facts show that Lopez knew that he could testify, neither fact shows that Lopez was fully advised and then voluntarily made his own final decision as to whether he would testify.

The government asserts that Lopez decided not to testify after consulting with counsel, but that assertion lacks support in the record.  The trial court stated that counsel could "confer" with Lopez before announcing whether Lopez would testify.  The record, however, does not affirmatively establish that such a conference took place.  Even assuming that counsel did confer with Lopez, nothing in the record shows that counsel advised Lopez about his right to testify, informed Lopez that he retained the final decision whether to testify, or that by not testifying, Lopez waived his right to testify.  Moreover, after the court's colloquy with counsel regarding whether Lopez would testify, the record does not reflect that there was a break in the proceedings—something that would indicate a conference with Lopez may have occurred.  Instead, after speaking with the court,

4

the defense appears to have immediately rested its case.  Therefore, the district court could not reasonably conclude that Lopez could not possibly meet the first prong of *Strickland*.

As to *Strickland*'s second prong, Lopez must show that but for the error there was a reasonable probability that the jury would have had reasonable doubt as to his guilt.  *See Strickland*, 466 U.S. at 694–95, 104 S. Ct. at 2068–69.  The evidence linking Lopez to drug trafficking largely consisted of: (1) an agent's testimony that the voice of a codefendant's partner in a recorded conversation primarily in Spanish "sounded very much like" Lopez's voice (the agent's frame of reference was a conversation with Lopez that was in English), (2) the in-court identification of Lopez made by a confidential informant who testified in order to retain his legal immigration status, (3) the testimony of a codefendant pursuant to a plea agreement that he and Lopez worked together to transport drugs, and (4) the testimony of another witness, which was also pursuant to a plea agreement, that the codefendant told the witness that he had a Mexican partner named "Carlos."

Lopez asserts that, had he been allowed to testify, he would have been able to further establish his alibi defense that he was at work on the day of a meeting between the codefendant and a confidential informant.  Especially in light of the fact that Lopez's theory of the case was one of misidentification, his testimony, even if cumulative and contrary to the testimony of several government witnesses,

5

could have provided the jury with an opportunity to judge his credibility in regard to his alibi and the nature of his relationship with his codefendant. *See Nichols v. Butler*, 953 F.2d 1550, 1553–54 (11th Cir. 1992) (en banc) (noting that a defendant's testimony is of great importance in a case where the issue was not whether a crime had been committed, but whether the defendant was the person who committed the crime). The only evidence linking Lopez to the trafficking that was supported by more than eyewitness testimony was the agent's voice analysis. Lopez's own testimony would have provided the jury with the opportunity to hear his voice, which could have aided the jury in deciding whether Lopez was present for the meeting in which the importation of drugs was discussed. A conclusion that Lopez's identity was not obvious from the record is bolstered by the fact that, during deliberations, the jury sent a note to the court stating that it was having difficulty "identifying the person involved." We find, therefore, that the district court incorrectly concluded that counsel's ineffectiveness could not have prejudiced Lopez.

Because the record does not conclusively show that Lopez was not entitled to relief, the district court abused its discretion in failing to conduct an evidentiary hearing to determine if, in fact, Lopez's counsel was ineffective and refused to allow him to testify, and if so, whether there was *Strickland* prejudice.

**VACATED AND REMANDED FOR AN EVIDENTIARY HEARING.**

6