[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16353
Non-Argument Calendar
_____

D.C. Docket Nos. 8:10-cv-02743-SCB-TGW; 8:04-cr-00348-SCB-TGW-1


RONALD J. TRUCCHIO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 21, 2014)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Ronald Trucchio, through counsel, appeals the district court's dismissal of

his 28 U.S.C. § 2255 motion to vacate, set aside, or correct.  On appeal, Trucchio

argues that the court erred in dismissing his motion to vacate as untimely because it was filed after the one-year period set forth in 28 U.S.C. § 2255(f)(4). He argues that the court incorrectly determined that the material containing the statements made by co-conspirator John Alite to law enforcement, which formed the basis of Trucchio's § 2255 motion (also referred to as the "18 U.S.C. § 3500 material"), became available when the *United States v. Gotti* jury was discharged on December 1, 2009. Instead, Trucchio argues, the material underlying his claim was not available to him before January 13, 2010, because neither the *Gotti* defense counsel nor the government, the only two potential sources from which he could have obtained the material, were willing to provide it to him prior to the government declaring *nolle prosequi*. Further, Trucchio had no direct knowledge of the details and nature of the *Gotti* protective order, and, thus, could not have reasonably known that it would be lifted upon the discharge of the jury. Trucchio maintains that he made diligent efforts throughout the duration of the *Gotti* case to obtain the § 3500 material.

We review a district court's findings of fact in a 28 U.S.C. § 2255 proceeding for clear error, and its legal conclusions *de novo*. *Garcia v. United States*, 278 F.3d 1210, 1212 (11th Cir. 2002). Specifically, we review *de novo* a district court's determination that a petition for federal habeas corpus relief is time-barred. *Jones v. United States*, 304 F.3d 1035, 1037 (11th Cir. 2002). A § 2255

2

motion is timely filed, *inter alia*, within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Because a fundamental purpose of § 2255 is to establish finality in post-conviction proceedings, the one-year limitation period for filing a § 2255 motion is mandatory and unequivocal. *Jones*, 304 F.3d at 1039-40 (discussing the issue of equitable tolling of the statutory limitation period).

We have held that the "due diligence" element of § 2255(f)(4) requires neither the "maximum feasible diligence" nor the undertaking of repeated exercises in futility, but it does require that a prisoner make "reasonable efforts" in discovering the factual predicate of his claim. *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002). "Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Id.* (quotations omitted).

Neither we nor the U.S. Supreme Court has substantively analyzed what effort would satisfy the due diligence requirement in a case such as this, where multiple defendants were tried for participating in the same criminal organization, and where evidence surfaced in a piecemeal fashion throughout various trials. Instead, the primary cases dealing with due diligence address the issue of whether a petitioner exercised due diligence in discovering that a prior state conviction that

3

formed the basis of his sentence enhancement had been vacated.  *See*, *e.g.*, *Johnson v. United States*, 544 U.S. 295, 308, 125 S. Ct. 1571, 1580-81 (2005) ("diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance [his] later sentence").

As discussed below, the district court's finding—that the § 3500 material forming the purported basis of Trucchio's § 2255 motion became available on December 1, 2009—was not clearly erroneous.  Thus, Trucchio fails to show that he filed his § 2255 motion within one year of the date upon which the new evidence became reasonably available.  The statutory language, "the date on which the facts . . . could have been discovered," indicates that the one-year period begins on the first day the evidence becomes reasonably available, thus giving the movant one year to request, obtain, review, and incorporate any new information into a § 2255 motion.  *See* 28 U.S.C. § 2255(f)(4).  Therefore, there is a distinction between: (1) the date on which the evidence objectively becomes reasonably amenable to discovery, in this case on December 1, 2009, when the *Gotti* jury was discharged and the protective order was lifted, and (2) the date on which the movant subjectively believes that he could physically access the material, here on January 13, 2010.  *See Aron*, 291 F.3d at 711.

4

Trucchio contends that even if he had requested the § 3500 material from the government as of the discharge of the *Gotti* jury, the material would have inevitably arrived long after December 1, 2009, and likely no earlier than January 13, 2010, the first day on which the *Gotti* defense was willing to share with him the § 3500 materials.  Trucchio's argument, however, is flawed because, even though he made some effort to obtain the § 3500 materials, the court reasonably concluded that he could have first accessed such materials as of December 1, 2009.  Evidence shows that the § 3500 material underlying Trucchio's § 2255 motion became reasonably available on December 1, 2009.  *See Aron*, 291 F.3d at 712.  Trucchio's conversations with friends and family during the relevant period of time and his ability to retain Ginsberg as his counsel demonstrated that he had the resources and knowledge necessary to discover that the *Gotti* protective order would terminate upon the discharge of the *Gotti* jury.  Notably, because Trucchio's lawyer, Ginsberg, had been participating on the *Gotti* defense team, Ginsberg would have known, and easily could have communicated if asked, the nature and duration of the *Gotti* protective order.  Accordingly, the district court did not clearly err in finding that Trucchio failed to exercise due diligence in discovering the purportedly "new evidence" underlying his claim.

**AFFIRMED.**

5