[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11252
Non-Argument Calendar
_____

D.C. Docket Nos. 1:12-cv-20371-FAM, 1:10-cr-20771-FAM-2


TOLBERT RAYMOND BAIN, II,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 12, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Tolbert Bain II appeals the denial of his *pro se* motion to vacate his sentence

of imprisonment for 41 months, 28 U.S.C. § 2255, which was imposed after he

pleaded guilty to conspiracy to possess with intent to deliver 100 grams or more of heroin. 21 U.S.C. § 846. Bain argues that the district court erred in denying him an evidentiary hearing to prove his claim that his trial counsel's ineffective assistance rendered his guilty plea involuntary. We affirm.

Two standards of review govern this appeal. We review for abuse of discretion the denial of an evidentiary hearing for a motion to vacate. *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002). And we review *de novo* the mixed question of law and fact whether counsel was ineffective. *Thompson v. United States*, 504 F.3d 1203, 1206 n.4 (11th Cir. 2007).

A movant is entitled to an evidentiary hearing in the district court "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). If the movant alleges facts that, if true, would entitle him to relief, the district court should order an evidentiary hearing. *Aron*, 291 F.3d at 714–15. But a district court need not hold an evidentiary hearing where the movant's allegations "are affirmatively contradicted by the record, or the claims are patently frivolous . . . ." *Id*. at 715. The Supreme Court has explained that "[s]olemn declarations in open court carry a strong presumption of verity," and "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are

2

contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977).

The district court did not abuse its discretion in denying Bain an evidentiary hearing to prove that his counsel's alleged ineffective assistance rendered his guilty plea involuntary. Before accepting Bain's plea, the district court conducted a thorough plea colloquy during which Bain, under oath, admitted his guilt of the offense and expressed his satisfaction with the advice of his counsel. On collateral review, the district court was entitled to presume that Bain's earlier sworn statements during the plea hearing were true. During his plea hearing, Bain admitted that counsel discussed his plea agreement with him and that he understood that he faced a harsher punishment if he rejected the plea offer. And Bain's later testimony−that defense counsel advised him that a jury would have difficulty believing his assertion of lack of knowledge−confirmed that his plea was both knowing and voluntary.

**AFFIRMED.**