[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14399
Non-Argument Calendar
_____

D.C. Docket Nos. 8:13-cv-01342-VMC-AEP,
8:10-cr-00305-T-33-AEP

ROBERT MARTIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 25, 2016)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Robert Martin, proceeding *pro se*,[1] challenges the district court's denial of his 28 U.S.C. § 2255 motion to vacate his convictions for distribution of methamphetamine and possession of a firearm by a convicted felon.  Martin was granted a certificate of appealability (COA) on the following issue:  Whether the district court erred in denying Martin's claim of ineffective assistance of counsel without holding an evidentiary hearing to determine the nature of the advice given to Martin by counsel with regard to whether to withdraw his first guilty plea.  After review,[2] we affirm the district court.

A movant under § 2255 is entitled to an evidentiary hearing in the district court "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255(b).  A district court does not need to hold an evidentiary hearing where the movant's allegations "are affirmatively contradicted by the record, or the claims are patently frivolous . . . ." *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002).

---

[1]  A habeas petition filed by a *pro se* litigant should be construed more liberally than one filed by an attorney.  *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002).

[2]  We review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion.  *Aron*, 291 F.3d at 714 n.5. Whether counsel was ineffective is a mixed question of law and fact and is reviewed *de novo*.  *Thompson v. United States*, 504 F.3d 1203, 1206 n.4 (11th Cir. 2007).

To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Review of counsel's conduct is highly deferential, and there is a strong presumption that counsel's performance falls within the wide range of professional competence. *Id.* at 689. In *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court held the Sixth Amendment right to effective assistance of counsel extends to plea negotiations. *Frye*, 132 S. Ct. at 1404-08; *Lafler*, 132 S. Ct. at 1384. Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during plea negotiations. *Lafler*, 132 S. Ct. at 1384.

The district court did not abuse its discretion in declining to hold an evidentiary hearing because Martin's claim of ineffective assistance is affirmatively contradicted by the record. The record shows that Martin knew that he was taking a risk by rejecting the Government's first plea offer and litigating his motion to suppress. The transcript from the change of plea hearing on January 4, 2011, shows that Martin knew the Government would withdraw the first plea offer if he litigated his motion to suppress, that his motion to suppress might not succeed, and that, if the motion was unsuccessful, he faced conviction for more offenses and a longer sentence. The prosecutor, the magistrate judge, and Martin's

3

counsel each communicated with Martin such that Martin was aware he was taking a risk by pursuing his motion to suppress.  Martin has not shown his counsel's allegedly deficient performance led him to reject the initial plea agreement.

Further, even if Martin's decision to reject the first plea offer was at his counsel's insistence, Martin has still failed to show deficient performance. Pursuing a motion to suppress evidence based on the absence of the signature of the judge approving the search warrant is the type of strategic choice that is "virtually unchallengeable."  *See Strickland*, 104 S. Ct. at 2066.  Martin cannot show that "no competent counsel would have taken the action that his counsel did take."  *See Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc).

**AFFIRMED.**