[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11444
Non-Argument Calendar
_____

D.C. Docket Nos. 1:12-cv-00008-RV-GRJ; 1:08-cr-00010-GRJ-2


WILLIAM J. ERICKSON,

                                                              Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                              Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 12, 2017)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

William Erickson appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. In 2009 Erickson was convicted of (1) conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute more than 100 marijuana plants, (2) manufacturing and possessing with intent to distribute more than 100 marijuana plants, and (3) attempting to obstruct, influence, and impede an official proceeding. Erickson contends that his trial counsel was ineffective. He bases that contention on counsel's decision to concede during his closing arguments that Erickson was guilty of part of the charged conspiracy. Erickson argues that counsel made that concession without consulting with him first. He asserts that the district court should have conducted an evidentiary hearing on his ineffective assistance claim.

## I.

In April 2008 the Drug Enforcement Agency learned about a possible indoor marijuana grow operation on some land owned by John Sager. Agents obtained a search warrant for the property and later found 917 marijuana plants. The agents then searched for other property owned by Sager and found an eighty acre piece of land that Sager co-owned with Erickson. The agents obtained a warrant to search the buildings on that property and found hanging lights, dehumidifiers, drying racks, insulation, soil, and pruning shears. The larger building on the property looked like someone had recently swept its floor, but 134 circles of moisture and

2

dirt were still visible on the floor, indicating that planting pots had recently been sitting there.  The agents followed vehicle tire tracks on the property to an adjacent property where Erickson and his wife lived.  The agents secured a search warrant for that property and found marijuana residue in a truck bed, 133 pots containing soil and marijuana plant roots outside of Erickson's house, and they found marijuana grow books, a money counter, and over $350,000 in cash inside the house.  Agents then followed vehicle and footprint tracks to a third property Erickson owned, secured a search warrant, found seventy live marijuana plants, and discovered inside of garbage bags the tops of 133 recently cut marijuana plants.

While searching the property that Erickson and Sager jointly owned, the agents found surveillance cameras and video footage.  The footage, which at times was grainy, showed a man wearing the same clothes that Erickson was wearing on the day of the search.  The man left the building on that property and walked toward Erickson's home, only to return around ten minutes later in Erickson's truck with a camper hitched to it, backing the truck and camper to the building.  A little over ten minutes after arriving, the man in the video headed back toward the home driving the truck and camper.  About a half hour later, he again drove up and backed the truck up to the building.  And a half hour after that, he drove the truck

off of the property only to return on foot, carrying a broom, around twenty minutes after leaving.  He later left the building carrying two garbage bags.

Erickson and Sager were charged with conspiracy to manufacture, distribute, and possess with the intent to manufacture and distribute over 1,000 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vii), and with manufacturing and possessing with intent to distribute more than 1,000 marijuana plants in violation of §§ 841(a) and 841(b)(1)(A)(vii).  Erickson was also charged with attempting to obstruct, influence, and impede an official proceeding under 18 U.S.C. § 1512(c)(2).  At trial Erickson did not call any defense witnesses and he did not testify, though he did file a stipulation showing that he operated a cypress tree nursery.

During closing arguments, Erickson's counsel focused on pointing to evidence designed to discredit the government's witnesses as well as noting the lack of evidence connecting Erickson to the 917 marijuana plants the agents found on Sager's property.  In his closing argument, Erickson's counsel conceded the strength of the evidence connecting Erickson to the seventy live marijuana plants and the 133 cut marijuana plant tops found on Erickson's property:

> I suggest to you that the evidence is Mr. Erickson is connected to the 203 plants that were found [on Erickson's third property] and that's it because the rooted bottoms are on this property.  The [property where he lived] has the rest of the plant material.  We are stuck.  The evidence is clear on that.  That's his conspiracy.  That's the one he

4

joined in.  There is [no other conspiracy] unless you paint with a broad brush, unless you make these gigantic assumptions . . . .

Erickson's counsel never consulted with him about conceding his guilt as to the 203 marijuana plants.  The jury returned a guilty verdict, finding Erickson guilty but only as to conspiring to manufacture and manufacturing between 100 and 999 marijuana plants, as opposed to the 1,000 or more marijuana plants he had been charged with both conspiring to manufacture and manufacturing.  The jury also found him guilty of attempting to obstruct, influence, and impede an official proceeding.  Erickson appealed and we affirmed those convictions.  See United States v. Cha, 431 F. App'x 790 (11th Cir. 2011) (unpublished).

Erickson later filed a 28 U.S.C. § 2255 motion based on twelve claims for relief.  The magistrate judge recommended denying of all of his claims, and the district court adopted that recommendation over Erickson's objections.  We granted a certificate of appealability on Erickson's ninth claim:  "Whether the district court erred in denying, without an evidentiary hearing, Erickson's claim that counsel was ineffective for admitting Erickson's guilt without consulting Erickson about the decision."

II.

A district court is not required to conduct an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  We review for abuse of

discretion the district court's denial of a § 2255 evidentiary hearing. See Aron v. United States, 291 F.3d 708, 714 n.5 (11th Cir. 2002).

To establish ineffective assistance of counsel, Erickson must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). But "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Id. at 697, 104 S. Ct. at 2069. And to meet the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. More specifically, "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." Id. at 696, 104 S. Ct. at 2069.

Even if Erickson's counsel's concession of guilt rose to the level of deficient performance, Erickson was not prejudiced because the evidence against him as to the 203 marijuana plants was overwhelming. The agents found that 134 plant pots had recently been removed from the property that Erickson and Sager jointly owned, and video footage from earlier that day showed someone who looked like Erickson driving back and forth from that property and his residence, at one point carrying garbage bags away from that property. At Erickson's residence the agents

6

found a truck bed containing marijuana residue, 133 plant pots containing marijuana roots and over $350,000 in cash.  And, at the third property Erickson owned, the agents found seventy live marijuana plants along with the tops of 133 other freshly cut plants inside of garbage bags.

In light of this overwhelming evidence connecting Erickson to the 203 plants, he cannot show that any error his counsel made by conceding his guilt as to those plants prejudiced him.  As a result, the record conclusively shows that Erickson is not entitled to relief and the district court did not abuse its discretion by denying him an evidentiary hearing.

**AFFIRMED.**