[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12435
Non-Argument Calendar

_____

D.C. Docket Nos. 8:17-cv-01052-SDM-AEP; 8:13-cr-00230-SDM-AEP-4

ANTONIUS RUSSEL FORD,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 24, 2021)

Before WILSON, ANDERSON, and BLACK, Circuit Judges.

PER CURIAM:

Antonius Ford appeals the district court's denial of his 28 U.S.C. § 2255 motion asserting that his trial counsel was ineffective for failing to request a jury instruction on a lesser-included offense of his charge of conspiracy to possess with intent to distribute cocaine.  This Court granted a certificate of appealability as to "[w]hether trial counsel was constitutionally ineffective in failing to request that the district court instruct the jury on the lesser-included offense of conspiracy to possess cocaine, and whether the district court abused its discretion in denying this ineffective assistance of counsel claim without an evidentiary hearing."

Ford asserts he established both prongs of the ineffective assistance standard in *Strickland v. Washington*, 466 U.S. 668 (1984).  Specifically, Ford contends that, because the trial evidence did not support a conclusion he intended to distribute cocaine, reasonable counsel would have requested the lesser-included offense instruction.  He asserts his trial counsel's performance prejudiced him because, had the lesser-included offense instruction been given, there is a reasonable probability the jury would have convicted him of only the lesser offense and his resulting sentence would have been significantly lower.  Alternatively, Ford contends the district court abused its discretion by denying his § 2255 motion without holding an evidentiary hearing.  After review,[1] we affirm the district court.

---

[1]  In § 2255 proceedings, we review legal conclusions *de novo* and factual findings for clear error.  *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014).  We review *de novo* a claim of ineffective assistance of counsel, which is a mixed question of law and fact.  *Id*.  We

To prove ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 687. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Strickland*, 466 U.S. at 687-89. The defendant must show that "his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). To meet that standard, the defendant must establish that no competent counsel would have taken the action that his counsel took, taking into consideration only what reasonably could have motivated counsel and not counsel's actual strategy or oversights. *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all of the circumstances." *Kimmelman*, 477 U.S. at 384.

A defendant may request a jury instruction on lesser-included offenses if he establishes that the charged offense encompasses all of the elements of a lesser offense. *United States v. Whitman*, 887 F.3d 1240, 1246 (11th Cir. 2018); *see also*

---

review a district court's denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion. *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002).

Fed. R. Crim. P. 31(c)(1). The defendant also must establish that the evidence would have permitted a rational jury to find him guilty of the lesser offense but acquit him of the greater offense. *United States v. Gumbs*, 964 F.3d 1340, 1348-49 (11th Cir. 2020).

The district court did not err in denying Ford's ineffective assistance of counsel claim because he failed to show that trial counsel's decision not to request a lesser-included offense instruction constituted deficient performance. Ford has not shown that no competent counsel would have foregone the lesser-included offense instruction for the chance that, with minimal evidence of distribution, the jury would have acquitted him on the sole conspiracy to distribute charge. *See Kimmelman*, 477 U.S. at 384; *Gordon*, 518 F.3d at 1301. Trial counsel's own theory of defense, which included admitting to Ford's possession of cocaine but arguing that the Government could not prove that he planned to distribute it, supports that foregoing the lesser-included offense instruction was a reasonable trial strategy. Ford cannot show that his trial counsel erred by pursuing a total acquittal, let alone that no objectively competent counsel would have done so. *See Kimmelman*, 477 U.S. at 384 (holding that the defendant must show that "the challenged action was not sound strategy"); *Gordon*, 518 F.3d at 1301. And because the inquiry is an objective one, i.e., what a reasonably competent lawyer

4

would have done, Ford's trial counsel's arguable admission of error in his affidavit is not controlling. *See Gordon*, 518 F.3d at 1301.

Second, trial counsel could not have been deficient for failing to anticipate a change in this Court's law, and, in any event there was not a precedential change because this Court's decision in *United States v. Gray*, 544 F. App'x 870, 893 (11th Cir. 2013), issued after Ford's trial, was unpublished. *See Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019) ("An attorney's failure to anticipate a change in the law does not constitute ineffective assistance."); *United States v. Izurieta*, 710 F.3d 1176, 1179 (11th Cir. 2013) ("Unpublished opinions are not binding precedent.").

Third, because trial counsel's performance was not constitutionally deficient under the totality of the circumstances, we need not consider whether the district court also correctly concluded that Ford did not show prejudice. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) (explaining because both parts of the *Strickland* test must be met, we need not consider one prong if the defendant fails to establish the other). Finally, because Ford's allegation that trial counsel's performance was deficient was affirmatively contradicted by the record, for the reasons explained above, the district court also did not abuse its discretion by denying his request for an evidentiary hearing. *See Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (stating the district court is not required to hold an

evidentiary hearing if the defendant's "allegations are affirmatively contradicted by the record").

Even accepting all of the facts Ford alleged in his § 2255 motion as true and construing them in his favor, including the statements trial counsel made in his affidavit, Ford did not show that no reasonable counsel would have chosen not to request the lesser-included offense instruction in favor of pursuing a total acquittal. Accordingly, we affirm.

**AFFIRMED.**