[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13831
Non-Argument Calendar
_____

D.C. Docket Nos. 1:07-cv-21313-PAS; 1:03-cr-20272-PAS-1


JUAN CARLOS ELSO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 24, 2013)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

A jury convicted Juan Carlos Elso on three counts, including one count of conspiring to launder money in violation of 18 U.S.C. § 1956(h).  Several unsuccessful appeals followed.  Although represented at trial by counsel, Elso now proceeds pro se to appeal the denial of his 28 U.S.C. § 2255 motion to vacate without an evidentiary hearing.  The issue before us is whether Elso was entitled to an evidentiary hearing on his claim that his counsel failed to present alibi evidence regarding the transaction that was a basis for his conspiracy conviction.  After careful consideration, we affirm.

In reviewing the denial of a § 2255 motion, we review de novo the district court's conclusions of law and its findings of fact for clear error.  Thompson v. United States, 504 F.3d 1203, 1206 n.4 (11th Cir. 2007).  Whether counsel was ineffective is a mixed question of law and fact and is reviewed de novo.  Id.  A habeas petition filed by a pro se litigant should be construed more liberally than one filed by an attorney.  Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002).  Nonetheless, our review is limited to the issue raised in the certificate of appealability (COA) unless we elect to expand it.[1]  See Dell v. United States, 710 F.3d 1267, 1272 (11th Cir. 2013).

---

[1] Elso filed a motion in the district court to expand the COA, which was denied.  In this Court, Elso moved to expand the COA, and was denied.  Elso moved for reconsideration of that decision, which this Court denied.  After moving to vacate the denial of reconsideration, this Court directed the Clerk "to return the motion, unfiled, and the Clerk's Office will no longer accept any motion or document seeking to further expand the certificate of appealability."

We review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion.  Aron, 291 F.3d at 714 n.5.  Under abuse of discretion review, we generally do not disturb a district court's ruling unless it falls outside the range of reasonable choices or was influenced by a mistake of law.  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006).  A § 2255 movant is entitled to an evidentiary hearing in the district court "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Therefore, if the petitioner alleges facts that, if true, would entitle him to relief, the district court should order an evidentiary hearing.  Aron, 291 F.3d at 714–15.  To be entitled to an evidentiary hearing, a petitioner must allege reasonably specific, non-conclusory facts, but is not required to prove his allegations until the evidentiary hearing.  Id. at 715 n.6.  A district court need not hold an evidentiary hearing where the allegations made "are affirmatively contradicted by the record, or the claims are patently frivolous."  Id. at 715.

To prove ineffective assistance of counsel, a petitioner must show that: (1) counsel performed deficiently; and (2) the deficient performance prejudiced the defendant.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  An attorney's performance is judged by reasonableness under prevailing professional norms.  Id. at 688, 104 S. Ct. at 2065.  Counsel's performance cannot be deemed deficient if he took an approach that "might be considered sound trial

3

strategy." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) (internal quotation marks omitted). Counsel's performance is entitled to a strong presumption of effectiveness, and the court is required to affirmatively entertain the range of possible reasons counsel proceeded as he did. Cullen v. Pinholster, 563 U.S. ___, ___, 131 S. Ct. 1388, 1407 (2011). To show that counsel's conduct was unreasonable, the petitioner must show that no competent counsel would have taken the same action that counsel took. Chandler, 218 F.3d at 1315. Strickland noted that counsel generally has a duty to make reasonable investigations and to make reasonable decisions based on those investigations. Strickland, 466 U.S. at 691, 104 S. Ct. at 2066.

We have held that, if relying solely on an alibi defense, counsel is ineffective for failing to investigate potential alibi witnesses. Code v. Montgomery, 799 F.2d 1481, 1483–84 (11th Cir. 1986). On the other hand, we have also said that complaints about uncalled witnesses are not favored, because the presentation of testimony involves trial strategy and "allegations of what a witness would have testified are largely speculative." Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978);[2] see also Rhode v. Hall, 582 F.3d 1273, 1284 (11th Cir. 2009).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

4

To show prejudice under Strickland, a party must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. Code, 799 F.2d at 1483. Therefore, the movant must show more than the possibility that counsel's deficiency had some conceivable effect on the outcome of the proceedings, but does not need to show that counsel's deficient conduct more likely than not altered the outcome of the case. Strickland, 466 U.S. at 693, 104 S. Ct. at 2067–68.

A defendant is guilty of a conspiracy if he agrees with at least one other person to pursue a joint criminal objective. See United States v. Dekle, 165 F.3d 826, 829 (11th Cir. 1999). The government need only prove that a defendant knew of the essential nature of the conspiracy and agreed to join the conspiracy in order to obtain a conviction. United States v. Garcia, 405 F.3d 1260, 1269–70 (11th Cir. 2005). It is a crime for anyone to transact in the proceeds of unlawful activity with the knowledge that the transaction is designed, in whole or in part, to avoid a transaction reporting requirement under state or federal law. 18 U.S.C. § 1956(a)(1)(B)(ii).

We need not decide whether Elso's counsel's performance was deficient because Elso cannot meet his burden to establish that he was prejudiced by the

5

alleged error.  Strickland, 466 U.S. at 697, 104 S. Ct. at 2069 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").  Elso's proffered evidence in his § 2255 motion, taken as true, does not demonstrate a reasonable probability that the result of his trial would have been different had the evidence not been introduced.  See id. at 694, 104 S. Ct. at 2068.  Elso asserts that his evidence demonstrated that he was not in the country when Elizabeth Garcia, a witness at trial, testified that she gave him $10,000.  Even accepting that allegation as true, it does not demonstrate prejudice for at least two reasons.

First, Garcia never testified that she gave money to Elso on a particular date. Therefore, evidence that Elso was out of the country on a particular date would not demonstrate that he was not present for that exchange.  Elso argues that it did not matter that the evidence did not pinpoint the date on which Garcia gave him the money, because his counsel was aware of when the money was deposited and wire transferred and therefore could have established an alibi based on that information. However, there was no evidence establishing when Elso deposited the money in relation to when he received it, and Garcia testified that Elso could not transfer the money until she later called him to tell him which account to put it in.  Therefore, at best, Elso's purported evidence could have called into question whether he personally deposited or transferred the money in question.  But, the government

was not required to prove that Elso personally deposited or transferred the money. Rather it was only necessary to show that he agreed to participate in the money laundering conspiracy. Nothing about Elso's proffered evidence significantly calls into question his agreement to launder money. See Aron, 291 F.3d at 715 n.6.

The second reason that Elso cannot show prejudice is that the record contained other evidence, beyond Garcia's testimony, that Elso conspired to launder money with the purpose of evading reporting requirements. "At trial, the Government put on multiple witnesses who testified that [Elso] was engaged in a conspiracy to launder money and did so to avoid a transaction reporting requirement." Elso v. United States, No. 07-21313, Doc. 73 at 27–28 (S.D. Fla. May 24, 2012). The government also introduced evidence at trial of transactions "separate and apart from the singular transfer by Elizabeth Garcia which is the sole focus of [Elso]'s claim." Id. at 28. In sum, "the charged . . . conspiracy was much farther reaching than one financial transaction." Id. at 27. Therefore, despite Elso's argument to the contrary, Garcia's testimony was not the only evidence supporting his conspiracy conviction.

On this record, the district court did not abuse its discretion in declining to hold an evidentiary hearing on Elso's ineffectiveness claim, and we affirm. See 28 U.S.C. § 2255(b); Aron, 291 F.3d at 714–15.

**AFFIRMED.**

7