IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 14, 2015

## WILLARD WILLIAM WRIGHT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2010C2534     Monte Watkins, Judge**

**No. M2014-01498-CCA-R3-PC - Filed April 8, 2015**

Petitioner, Willard William Wright, filed a petition for post-conviction relief attacking his conviction, pursuant to a negotiated guilty plea, for burglary of a motor vehicle in Davidson County Criminal Court case number 2010-C-2534. The post-conviction court summarily dismissed the petition because it was filed after the applicable one year statute of limitations had run. Petitioner appeals, arguing that the statute of limitations should be tolled on due process grounds. After a thorough review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Willard William Wright, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Laticia Alexander, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

On September 14, 2010, the Davidson County Grand Jury returned an indictment in case number 2010-C-2534, charging Petitioner in Count 1 with the offense of burglary of a motor vehicle in violation of T.C.A. § 39-14-402(a)(4), a Class E felony, and in Count 2 with theft of property of the value of $500.00 or less in violation of T.C.A. § 39-14-103, a Class A misdemeanor. On May 17, 2012, Petitioner signed a petition to enter a guilty plea pursuant to a negotiated plea agreement to dispose of the charges in case number 2010-C-2534.

Pursuant to the agreement, Count 2 charging misdemeanor theft would be dismissed. As to Count 1, we quote exactly what is typed in the petition to plead guilty:

> Ct. 1: "Burglary of Motor Vehicle," Class E Felony under TCA 39-14-402. Sentence shall be 4 years at 35% - Range II, (suspended), supervised probation, to be served consecutively to sentence in Case No. 2010-C-2506, for an effective sentence of 8 years at 35% Range II, (suspended), supervised probation.

A judgment was prepared, and a copy is in the appellate record, bearing the signature of the trial judge, but the document does not bear any stamp filed date bearing the name of the court clerk or deputy clerk, although someone, not identified, hand wrote "5-17-12" above the pre-printed "Date of Entry of Judgment" in the lower right hand corner of the judgment document. Also, even though neither the Petitioner nor Petitioner's trial counsel signed the judgment document, the court clerk's pre-printed certificate of service that a copy of the judgment was served upon Petitioner or his counsel appears to be blank - however, the copy in the record is cut off and does not show the very bottom of the judgment.

Nevertheless, the order entered by the post-conviction court which dismisses the petition is properly stamp filed by the clerk. In that order, the post-conviction court states that the judgment of conviction was entered on May 17, 2012. For this reason, but only for the purposes of this particular appeal, we will accept that the judgment was filed on May 17, 2012. The judgment includes all provisions of the negotiated plea agreement as set forth in the petition to enter plea of guilty. Subsequently, Petitioner was found to be in violation of his probation. The revocation petition is not in the record, but a copy of an amended judgment as to the conviction of burglary of a motor vehicle in case number 2010-C-2534, stating that Petitioner conceded a probation violation, is in the record. All pertinent provisions in the amended judgment are identical to the provisions in the original judgment except: (1) Petitioner had a different trial counsel representing him, and (2) the amended judgment ordered the four-year sentence to be served by incarceration rather than probation. The amended judgment is not stamped filed indicating the date it was filed by the clerk of the trial court. Thus, without some further indication we do not know the exact date the amended judgment was actually filed with the clerk's office.

The importance of this detail is that a judgment of conviction is not entered until it is actually *filed* with the trial court clerk. *State v. Stephens*, 264 S.W.3d 719, 730 (Tenn. Crim. App. 2007); *State v. Kenny Kimble*, No. W2012-00407-CCA-R3-CD, 2013 WL 3795949 (Tenn. Crim. App. July 22, 2013). A judgment of conviction is not "entered" simply upon the act of a trial court judge signing his/her name thereto, dating the document, and then leaving it on his/her bench or desk. We will assume that since the amended judgment is

2

included in the appellate record prepared by the clerk, that it was at some time properly provided to the trial court clerk for filing. But, there is nothing in the record to show what date it was filed by the clerk.

However, the date of the filing of the amended judgment is not relevant to the disposition of this appeal. Petitioner's *pro se* petition for post-conviction relief actually attacks his conviction imposed in the original judgment entered on May 17, 2012. The post-conviction petition was filed June 30, 2014. The Petitioner raises the following grounds for relief. We will provide numbers to each ground for reference purposes.

(1)     No counsel at time of amended judgment.

(2)     Ineffective assistance of counsel.

(3)     Petitioner was not supposed to be convicted of Count 1 in case number 2010-C-2534.

(4)     The guilty plea was involuntarily and unknowingly entered.

(5)     State failed to provide evidence favorable to Petitioner.

(6)     There is newly discovered evidence.

(7)     "Other grounds."

As to specific facts alleged in support of the stated grounds, Petitioner alleged no facts in support of grounds (4), (5), (6), and (7). His allegation in ground (1) is contradicted by information on the amended judgment. His counsel's name is listed. As to the ground of ineffective assistance of counsel in ground (2), the only scant facts which could remotely be considered in support of that allegation are the following: "Not aware of amended judgment until May 16, 2014;" "Counsel said he would take care of, [sic];" "Notified lawyer of head trauma."

The focal point of Petitioner's post-conviction petition which is supported by factual allegations is ground (3), that "Count 1" of case number 2010-C-2534 was suppose to be dismissed. The original judgment, the amended judgment, and the petition to enter plea of guilty (signed by Petitioner) in case number 2010-C-2534 all contradict this allegation. As stated above, all documents reflect that Petitioner pled guilty to Count 1 of case number 2010-C-2534, burglary of a motor vehicle, and the resulting four-year sentence was ordered to be served consecutively to a four-year sentence imposed in case number 2010-C-2506.

The judgment in case number 2010-C-2506 is not included in the record, and there is no clear indication of what offense(s) Petitioner was convicted of in that case. Petitioner's entire theory of relief under ground (3) of his post-conviction petition is that the "petition to enter plea of guilty" in case number 2010-C-2534 states that Count 1 of 2010-C-2534 "shall be dismissed," and he did not realize it was not dismissed until he finished his four-year sentence in case number 2010-C-2506 in 2014.

Petitioner attached to his petition for post-conviction relief a two-page document purporting to be the entire "petition to enter plea of guilty" in case number 2010-C-2534, the conviction which is the subject of this post-conviction proceeding. The "petition to enter plea of guilty" is a two-page form with blanks to be filled in with pertinent information. We note that case number 2010-C-2534, the subject of this post-conviction proceeding, had only two counts. Our careful review of the record shows that the purported "petition to enter plea of guilty" attached to Petitioner's post-conviction petition is actually page 1 of the guilty plea petition in case number 2010-C-**2534** (showing the style and docket number of the case) but is page 2 of the guilty plea petition in case number 2010-C-**2506**. It is obvious that in the original negotiated plea agreement Count 1 of case number 2010-C-**2506** was dismissed, not Count 1 in 2010-C-**2534**. In fact, page 2 of the guilty plea petition attached to the post-conviction petition clearly states that the total effective sentence is eight years and refers to the four-year sentence in case number 2010-C-**2534**, which Petitioner claims was dismissed.

Whether the combination of pages from two separate guilty plea petitions signed on the same date was intentional or a mistake we do not know. However, it is clear from the documents provided by Petitioner with his post-conviction petition that he did not state a colorable claim as to ground (3).

*Analysis*

The original judgment of conviction was entered May 17, 2012. The petition for post-conviction relief was not filed until June 30, 2014. No appeals were taken from the original judgment, and it became final thirty days after its entry with the trial court clerk. *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). Generally, a petition for post-conviction relief must be filed within one year of when the conviction judgment becomes final (where, as in this case no appeal is taken) or "consideration of the petition shall be barred." T.C.A. § 40-30-102(a). There are three statutory exceptions to this statute of limitations, and they are set forth in T.C.A. § 40-30-102(b). None of these statutory exceptions are specifically alleged in the petition, and our examination of the record reveals no allegations of fact which would support any of the statutory exceptions.

As set forth above, Petitioner does allege that the running of the statute of limitations in his case should be tolled on due process grounds. His allegations of facts in support of this assertion are scant. He claims he did not know the charge in Count 1 of case number 2010-C-2534 was not dismissed until 2014 when he finished serving the four-year sentence in case number 2010-C-2506. Yet, the very purported document he relies on clearly states that there was an additional four-year sentence to be served as a result of the conviction in case number 2010-C-2534. He claims he was not aware of the amended judgment, but the amended judgment did not change any provisions of the original judgment - it only reflected the order revoking probation. He alludes to having "head trauma" and attached only one page of a multiple page "imaging report" from Southern Hills Medical Center, dated January 4, 1994, eighteen years prior to his guilty plea, which mentions "A radial head fracture is seen on the edge of the film." He attached his signed handwritten notes to his post-conviction petition that he did not go past the eighth grade in school, had a heat stroke, head trauma at Southern Hills hospital, "2.5 plastic joint," and a reference of "Meharry Elam [sic] Hospital" in 2012 just above "Mental Meds."

Our supreme court has established the criteria for determining whether the statute of limitations should be tolled for a late filed petition for post-conviction relief. In *Bush v. State*, 428 S.W.3d 1 (Tenn. 2014) the court stated:

> We recently clarified Tennessee's due process tolling standard in *Whitehead v. State*. We held that a post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing. *Whitehead v. State*, 402 S.W.3d at 631 (citing *Holland v. Florida*, 560 U.S. 631, 648-49, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010)). This rule applies to all due process tolling claims, not just those that concern alleged attorney misconduct.

> We also noted in *Whitehead* that the standard for pursuing one's rights diligently "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim]." *Whitehead v. State*, 402 S.W.3d at 631 (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). However, we emphasized that due process tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."

*Whitehead v. State*, 402 S.W.3d at 631-32 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

The threshold for triggering this form of relief is "very high, lest the exceptions swallow the rule." *Whitehead v. State*, 402 S.W.3d at 632 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

*Bush*, 428 S.W.3d at 22-23.

The record clearly shows that Petitioner did not pursue his rights diligently. He signed a petition to enter guilty plea at the time of his guilty plea that stated the charge in Count 1 of case number 2010-C-2534 had not been dismissed and that it was *not* supposed to be dismissed. He failed to allege any facts which would support a finding that an "extraordinary circumstance" prevented him from timely filing his petition for post-conviction relief. Accordingly, Petitioner is not entitled to relief in this appeal.

The judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE