[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15118
Non-Argument Calendar
_____

D.C. Docket Nos. 1:11-cv-04015-WBH,

1:08-cr-00041-JEC-JFK-2


BOYD SMITH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 30, 2015)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Boyd Smith, a federal prisoner proceeding with the assistance of counsel, appeals the District Court's denial of his 28 U.S.C. § 2255 motion to vacate, and the court's denial of his motion for a new trial based upon newly discovered evidence. *See* Fed. R. Crim. P. 33.

We granted a certificate of appealability ("COA") as to the following issue only:

> Whether the District Court erred in denying, without an evidentiary hearing or ordering discovery, Smith's claim of prosecutorial misconduct in failing to inform Smith that Sandeo Dyson was involved in an information-for-sale scheme during the time that he testified in Smith's trial?

Smith raises two arguments on appeal. First, he contends that the District Court erred by denying his § 2255 motion without an evidentiary hearing or discovery, as the government violated his due process rights under *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972 ), by failing to disclose that an essential witness, his codefendant Sandeo Dyson, was involved in an ongoing information-for-sale scheme at the time of his trial. Second, he argues that the District Court abused its discretion when it denied his motion for new trial

2

based on newly discovered evidence.  For ease of reference, we address each point in turn.

## I. Smith's § 2255 Motion

In a § 2255 proceeding, we review a district court's legal conclusions *de novo* and its factual findings for clear error.  *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008).  We review a district court's denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion.  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).  Likewise, we review a district court's denial of § 2255 movant's request for discovery for an abuse of discretion.  *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1183 (11th Cir. 2014).  A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous.  *Winthrop-Redin*, 767 F.3d at 1215.  In the context of an unsuccessful § 2255 motion, the scope of our review is limited to the issues specified in the COA.  *McKay v. United States*, 657 F.3d 1990, 1995 (11th Cir. 2011).

An evidentiary hearing must be held on a motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The petitioner is entitled to an evidentiary hearing if the § 2255 motion alleges specific facts that, if true, would

warrant relief.  *Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002).

However, a district court is not required to hold an evidentiary hearing if the

petitioner's allegations are based upon unsupported generalizations or are

affirmatively contradicted by the record.  *Winthrop-Redin*, 767 F.3d at 1216.

A habeas petitioner is not entitled to discovery as a matter of course.

*Bowers*, 760 F.3d at 1183.  However, the district court retains discretion to grant

discovery upon a showing of good cause.  *Id.*  A petitioner may demonstrate good

cause by making specific allegations that "show reason to believe that the

petitioner may, if the facts are fully developed, be able to demonstrate that he is

entitled to relief."  *Id.*  Good cause for discovery cannot arise from mere

speculation, however.  *Arthur v. Allen*, 459 F.3d 1310 (11th Cir. 2006).

In *Brady*, the Supreme Court held that "the suppression by the prosecution

of evidence favorable to an accused . . . violates due process where the evidence is

material either to guilt or to punishment."  *Brady*, 373 U.S. at 87, 83 S. Ct. at

1196–97.  Thus, to prevail on a *Brady* claim, a petitioner must demonstrate that:

(1) the government possessed evidence that is favorable to him, either because it is

exculpatory, or because it is impeaching; (2) the government suppressed that

evidence, either willfully or inadvertently; and (3) prejudice ensued.  *Allen v.*

*Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 745-46 (11th Cir. 2010).  Prejudice

exists—and evidence is material as to guilt or punishment—if there is a reasonable

4

probability that, had the evidence been disclosed, the result of the proceeding would have been different. *Id.* at 746 (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383, 87 L. Ed. 2d 481 (1985)).

In *Giglio,* the Supreme Court addressed a particular subset of *Brady* claims, and held that, when the prosecution solicits or fails to correct known false evidence, due process requires a new trial where the false testimony could in any reasonable likelihood have affected the judgment. *Giglio*, 405 U.S. at 153, 92 S. Ct. at 766; *see also Trepal v. Sec'y, Fla. Dep't of Corr.*, 684 F.3d 1088, 1107 (11th Cir. 2012) (summarizing the requirements of *Giglio*). Thus, to prevail on a *Giglio* claim, a petitioner must establish that: (1) the government knowingly used perjured testimony or failed to correct what it subsequently learned was false testimony; and (2) such use was material. *Guzman v. Sec'y, Dep't of Corr.*, 663 F.3d 1336, 1348 (11th Cir. 2011). A falsehood is material under *Giglio* if there was a reasonable likelihood that the false testimony could have affected the judgment. *Id.* Because the *Giglio* materiality standard requires a petitioner to show only that the government's non-disclosure "could have affected" the jury's judgment, it is less stringent than the standard for materiality under *Brady*, which requires a petitioner to demonstrate "a reasonable probability" that the outcome of the proceeding would have been different. *Trepal*, 684 F.3d at 1108.

5

The District Court did not err by denying Smith's § 2255 motion without an evidentiary hearing for two reasons. First, all of Smith's factual allegations, taken as true, do not demonstrate that the government knew or should have known that Dyson was involved in an information-for-sale scheme at the time of Smith's trial. *See Aron*, 291 F.3d at 714-15. The government did not charge Dyson for his participation in the scheme until 2010, and the indictment alleged that he committed the first overt act in furtherance of the scheme in May 2009, after Smith's trial. Although the government knew of the Watkins-Lumsden scheme in 2008, there was no indication that the government was aware of Dyson's participation in this scheme prior to February 2009. Although Smith now asserts that Dyson's tenuous references to Bird and Shorty Mark demonstrate that the government knew of Dyson's participation in the information-for-sale scheme, he does not allege facts supporting this conclusion, and the District Court was not required to hold an evidentiary hearing based upon his own speculative generalizations. *See Winthrop-Redin*, 767 F.3d at 1216.

Second, the District Court did not err by denying Smith's § 2255 motion without an evidentiary hearing because the allegedly undisclosed information would not have impacted the jury's verdict. In his § 2255 motion, Smith alleged that the jury could have reached a different verdict, had it known about Dyson's involvement in the information-for-sale scheme. However, this information,

6

unrelated to the events surrounding the Club Onyx fire, only implicates Dyson's credibility as a witness; it does not exonerate Smith from participation in the arson. Even assuming the jury completely discounted Dyson's testimony, there was other evidence in the record demonstrating Smith's involvement in the Club Onyx fire. For instance, Smith's second codefendant, Thrower, testified unequivocally that Smith participated in planning to burn down Club Onyx. Likewise, several other witnesses testified for the government, describing incriminating statements made by Smith which demonstrated his knowledge and involvement in the arson. Finally, although Smith himself denied all knowledge of the plan to burn down Club Onyx, the jury plainly disbelieved his testimony. Accordingly, because Dyson's involvement in the information-for-sale scheme would not have impacted the jury's verdict, it was not material under either *Brady* or *Giglio*, and the court did not err by denying Smith's § 2255 motion without an evidentiary hearing.

Finally, based on the aforementioned reasons, the District Court also did not err by denying discovery, as Smith relied on his own speculative conclusion that the District Court knew of Dyson's involvement in the information-for-sale scheme, without making the requisite specific allegations necessary to demonstrate good cause. *See Bowers*, 760 F.3d at 1183. Thus, we affirm in this respect.

## II. Smith's Fed. R. Crim. P. 33 Motion

7

We review a district court's denial of a motion for a new trial based on newly discovered evidence, or based on a *Brady* violation, for abuse of discretion. *United States v. Vallejo*, 297 F.3d 1154, 1163 (11th Cir. 2002).[1]

Under Rule 33, a court may vacate any judgment and grant a new trial "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  However, a motion for a new trial grounded upon newly discovered evidence must be filed within three years of the verdict.  Fed. R. Crim. P. 33(b)(1).  Furthermore, to succeed on such a motion, a defendant must establish that: (1) the evidence was discovered after trial; (2) the failure to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) a new trial would probably produce a different result.  *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003).  Motions for a new trial are highly disfavored, and we have advised that district courts should use great caution in granting such a motion based on newly discovered evidence.  *Id.*

The district court did not abuse its discretion by denying Smith's motion for a new trial.  In this case, the jury convicted Smith on February 25, 2009, and Smith

---

[1] We note that while Smith's Rule 33 motion is not mentioned in the COA, a COA is not required to appeal from the denial of a Fed. R. Crim. P. 33 motion for a new trial.  *See* 28 U.S.C. § 2253(c).  Moreover, the notice of appeal, filed in both the underlying criminal prosecution as well as the civil habeas proceedings, designated the District Court's order denying both the § 2255 motion and the Rule 33 motion as the subject of this appeal.

filed his motion for a new trial based upon newly discovered evidence on October 19, 2012, more than three years after the verdict.  Accordingly, the District Court did not err by dismissing Smith's motion as time barred under Rule 33(b)(1).  Fed. R. Crim. P. 33(b)(1).

Moreover, even assuming Smith's motion for appropriate relief relating to his § 2255 motion can be construed as a motion for a new trial under Fed. R. Crim. P. 33, his motion does not succeed.  Here, the newly discovered evidence related to Dyson's involvement in an unrelated information-for-sale scheme.  Throughout habeas proceedings, Smith argued that the result of his trial would have been different had he been allowed to impeach Dyson regarding his involvement in this scheme.  Thus, Smith failed to establish that the evidence discovered after trial was not impeachment evidence, and the District Court did not err by denying his motion.  *See Jernigan*, 341 F.3d at 1287.

AFFIRMED.

9