**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12543
Non-Argument Calendar
_____

JONATHON HOWARD BECK,

*Petitioner-Appellant,*

*versus*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:24-cv-00016-CG-B

_____

Before JILL PRYOR, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Jonathon Beck, a *pro se* federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. Because the record conclusively shows that Beck was not denied the effective

assistance of counsel, no evidentiary hearing on his § 2255 motion was necessary. Accordingly, we affirm the district court's denial of Beck's motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In October 2020, a grand jury returned a five count indictment charging Beck with possession with intent to distribute approximately 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 (Count 1); possession with intent to distribute approximately 140 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2 (Count 2); using, carrying, possessing a firearm in connection with a drug felony, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 3 and 5); and possession with intent to distribute approximately 10 Grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 (Count 4). A federal public defender was appointed to represent Beck.

In March 2021, Beck entered a guilty plea as to Counts 2 and 5 pursuant to a written plea agreement. The plea agreement stated that Beck faced a mandatory minimum sentence of 10 years for the drug offense in Count 2 and a mandatory minimum consecutive sentence of 5 years from the gun offense in Count 5. It allowed for a possible reduction if Beck cooperated. Beck and his attorney also signed a factual resume that described the circumstances of his offenses.

At the change of plea hearing, Beck acknowledged that he had reviewed the plea agreement with his attorney, and that he was pleading guilty of his own free will and was not coerced or threatened.  He also acknowledged that he understood the charges against him and that he faced a 10-year mandatory minimum sentence as to Count 2 and a 5-year consecutive mandatory minimum sentence as to Count 5.  The district court warned Beck that his sentence might differ from any estimate he received from his attorney or anyone else.  Beck initially asked the court to repeat this warning but then acknowledged that he understood.  Beck agreed to the content of the factual resume, with the caveat that the drug amount had not been confirmed because he waived a toxicology report.  Beck stated that he was satisfied with his attorney's representation of him. The district court accepted Beck's guilty plea.

In preparation for sentencing, the probation officer prepared the Presentence Investigation Report ("PSI").  As to the drug offense, the PSI assigned a base offense level of 30 pursuant to U.S.S.G. § 2D1.1(c)(5).  Beck received a three (3) level reduction for acceptance of responsibility, pursuant to U.S.S.G. §§ 3El.l(a) and (b).  Based on a total offense level of 27 and a criminal history category of I, Beck's guideline range was 70 to 87 months, to run consecutively to 60 months guideline range as to the gun offense.  The PSI also noted that Count 2 carried a statutory minimum of 10-years imprisonment. The district court appointed Beck a new attorney to represent him at sentencing.

At the sentencing hearing, the district court adopted the calculations in the PSI.  Beck spoke and apologized for his actions but also claimed that "now that I understand the gun charge that I signed the plea for—I'm not sure that I completely understood it whenever I did sign the plea."  He argued that he possessed guns but did not use or carry them to engage in drug trafficking.  The district court addressed Beck's comments as it pronounced his sentence.  It noted that he had been "questioned quite extensively" on the gun charge and "agreed that the factual resume was correct."  Accordingly, the district court declined to revisit the guilty plea.  Beck was sentenced to a 180-month term of imprisonment and 5 years of supervised release.

After sentencing, Beck appealed.  This Court affirmed Beck's convictions and sentence after counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).

Beck subsequently filed a *pro se* motion pursuant to § 2255, claiming ineffective assistance of counsel.  In a separate memorandum, Beck said that his attorney pressured him to accept the United States' plea offer.  He also claimed that he did not fully understand his sentence exposure.  Beck argued that he would have proceeded to trial if he had understood the statutory sentence exposure.  He cited his statement at allocution as evidence of that intent.  In a separate declaration, Beck claimed that his attorney told him in a meeting that they "had to be in court in 15 minutes" and that he "would be forced to go to trial" if he did not accept the plea.  He indicated that he pleaded guilty because his attorney said that he

would receive a life sentence if he went to trial.  Beck claimed that he would have proceeded to trial because he perceived that his statutory sentence exposure ultimately exceeded his Guidelines range.

A magistrate judge entered a report and recommendation ("R&R") to deny Beck's motion without an evidentiary hearing. The magistrate judge rejected each of Beck's claims and relied substantially on Beck's responses during the plea colloquy.  The magistrate judge determined that Beck's § 2255 motion failed because he did not establish that his guilty plea was not knowing or voluntary because of ineffective assistance of counsel.  Beck submitted objections.  The district court adopted the R&R over Beck's objections, denied the § 2255 motion, denied a certificate of appeal ("COA"), denied Beck's request for in forma pauperis ("IFP") status on appeal, and dismissed the case with prejudice.

Beck appealed.  A single judge of this Court granted Beck's COA motion in part as to the issue of "[w]hether the district court erred in rejecting Beck's claim that his guilty plea was not knowing and voluntary due to ineffective assistance of plea counsel, without holding an evidentiary hearing."

## II.    STANDARD OF REVIEW

We review for an abuse of discretion the denial of an evidentiary hearing in a § 2255 proceeding.  *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017).  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in

making a determination, or makes findings of fact that are clearly erroneous." *Id.*

## III.    DISCUSSION

On appeal, Beck argues that his § 2255 motion set forth detailed and sworn facts describing how his attorney pressured him to sign a plea agreement that was based on incorrect drug amounts, misrepresented the consequences of signing the plea, and coerced him into believing that he had no option to go to trial on the gun-possession charge.  He argues that, but for counsel's misadvice, he would have rejected the plea and demanded trial.  Beck argues that, because he presented detailed, credible allegations that, if true, would entitle him to relief, the district court's summary denial of his § 2255 motion was error, and it should have held an evidentiary hearing.

Under § 2255(b), an evidentiary hearing must be held on a motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002) (quotation marks omitted).  "[A] petitioner need only *allege*—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief.  If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous, the district

court is required to hold an evidentiary hearing." *Id*. at 715 n.6 (emphasis in original).

When a § 2255 motion is based on allegations that a plea was not entered knowingly or voluntarily, "conclusory allegations unsupported by specifics [are] subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In evaluating whether a plea was knowing and voluntary, the representations of the defendant at the plea hearing, as well as any finding made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings," as "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. at 73–74. We apply a "strong presumption" that statements made by a defendant during his plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Therefore, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). A "district court is entitled to discredit a defendant's newly minted story about being threatened when that story is supported only by the defendant's conclusory statements" and, in such cases, is not required to hold an evidentiary hearing. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014). A court may deny a § 2255 motion without further proceedings where a motion contains only "conclusory allegations unsupported by specifics." *Blackledge*, 431 U.S. at 74.

To show that he is entitled to an evidentiary hearing on his ineffective-assistance-of-counsel claim, Beck's § 2255 motion must have alleged facts that would show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Aron, supra*, 291 F.3d at 715 n.6. "The proper measure of attorney performance [is] simply reasonableness under prevailing professional norms," and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 688, 690. To establish deficient performance, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687; *see Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) ("[A] petitioner must establish that no competent counsel would have taken the action that his counsel did take.").

Here, we conclude that the district court did not abuse its discretion in denying Beck's § 2255 motion without holding an evidentiary hearing on his claim that his counsel's ineffective assistance rendered his guilty plea not knowing and voluntary. Indeed, the record conclusively shows that Beck's guilty plea was knowing and voluntary. *Blackledge*, 431 U.S. at 74; 28 U.S.C. § 2255(b). As an initial matter, this Court already determined that the plea was knowing and voluntary when it granted his appellate counsel's *Anders* motion, affirming Beck's convictions and sentences on direct appeal. The record also supports such a conclusion now.

The record shows that Beck's plea counsel explained the plea agreement and the consequences thereof thoroughly to Beck. Beck himself testified under oath during the plea colloquy that he was not pressured, forced, or threatened into pleading guilty, that he was satisfied with his counsel's representation, and that he had read and discussed the plea agreement with his counsel. The district court also reviewed the plea agreement's terms during the plea hearing, including the applicable statutory mandatory minimums and maximum. At the change of plea hearing, Beck confirmed his understanding of all the terms of the plea. Beck also confirmed that he understood the charges and agreed to the accuracy of the factual resume.

Beck offered no evidence to support his claim that he did not understand the gun-possession charge, only referencing the statement he made at the sentencing hearing. Thus, he has not rebutted the presumption that his sworn statements made during the plea colloquy—that he understood the charges against him—were true. *See Blackledge*, 431 U.S. at 73–74; *Medlock*, 12 F.3d at 187. Moreover, his conclusory allegations that he did not understand the mandatory-minimum sentences for his two counts, without any additional support, is insufficient to warrant an evidentiary hearing, much less to overcome "the formidable barrier" of his and his trial counsel's sworn statements during the plea colloquy that he had reviewed and understood the mandatory-minimum sentences. *See Blackledge*, 431 U.S. at 73–74.

Beck's repeated sworn statements on the record confirming his understanding of the plea agreement, its terms, and his desire to proceed with his guilty plea all supported the district court's decision to deny Beck's § 2255 motion without an evidentiary hearing. *See Winthrop-Redin*, 767 F.3d at 1217; 28 U.S.C. § 2255(b). And because the record shows that Beck voluntarily and knowingly pled guilty, and he does not identify an unexplained aspect of the plea agreement or the charges against him that would have affected his plea, he cannot show that plea counsel did not effectively represent him. *Strickland*, 466 U.S. at 688.

Based on the foregoing, we conclude that the district court did not abuse its discretion in denying Beck's § 2255 motion without holding an evidentiary hearing. We thus affirm the district court's denial of Beck's motion.

**AFFIRMED.**